UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORD MAISON PHIBONACCII,<br>Plaintiff, Pro Se<br><br>v.<br><br>LA APT. 1 LLC.<br><br>GREYSTAR REAL ESTATE PARTNERS;<br><br>BOB FAITH;<br>*(individual)*<br><br>BOB FAITH;<br>*(individual capacity)*<br><br>KIMBALL TIREY & ST. JOHN LLP;<br><br>TANIA KIM CORDOSO;<br><br>CHRIS EVANS;<br><br>LOS ANGELES COUNTY SHERRIFS DEPARTMENT;<br><br>ROBERT LUNA;<br>*(in his official capacity)*<br><br>Defendants. | **Case No.: 2:25-cv-06317-SB-E**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (JURY TRIAL DEMANDED)**<br><br>**1). Violation of Fourteenth Amendment Due Process**<br>**2). Violation of California Constitution, Article I, § 24**<br>**3). Breach of Contract and Implied Warranty of Habitability**<br>**4). Retaliation (Cal. Civ. Code § 1942.5)**<br>**5). Wrongful Eviction / Lockout (Cal. Civ. Code § 789.3)**<br>**6). Negligence**<br>**7). Intentional Infliction of Emotional Distress**<br>**8). Statutory Penalties, Restitution, and Injunctive Relief** |

Plaintiff LORD MAISON PHIBONACCII brings this action against Defendants as follows.

1. This action arises from the unlawful and retaliatory eviction practices of Defendant LA APT 1 LLC, a corporate landlord engaged in a pattern of misconduct that mirrors the practices prosecuted by the Federal Trade Commission ("FTC") and the California Attorney General in FTC & People of the State of California v. Greystar Real Estate Partners, LLC, et al., Case No. 3:24-cv-05159 (N.D. Cal.). Like Greystar, Defendant has systematically leveraged defective housing conditions, misrepresentations, and procedural abuse in court to deprive tenants of their homes, extract unlawful payments, and evade compliance with California's tenant protection laws.

2. Plaintiff Lord Maison Phibonaccii is a tenant at Eastway Apartments in Los Angeles, California, who, after asserting rights under California Civil Code §§ 1941.1 and 1942.5, was met with two unlawful detainer actions—Case Nos. 25IWUD00164 and 25IWUD00165—filed without lawful notice, in violation of both state and federal due process guarantees.

3. These eviction actions were prosecuted through means that included defective service of process, the suppression of critical evidence, and the biased conduct of judicial officers. On July 10, 2025, Los Angeles Superior Court Commissioner Joel C. Koury presided over Plaintiff's Ex Parte Application and Motion to Set Aside a wrongful default judgment. Commissioner Koury opened proceedings by stating to Plaintiff, "You have to do favors," thereby creating the appearance of quid pro quo justice and undermining public confidence in the judiciary. Throughout the hearing, Commissioner Koury disregarded Plaintiff's self-represented status, refused to consider on-the-record admissions from a co-defendant that no notice to vacate had been served, and demonstrated overt bias in favor of the opposing party's counsel.

4. Defendant's conduct was not isolated but part of a coordinated business practice that uses procedural gamesmanship, harassment, and unsafe housing conditions as tools of economic coercion. Defendant's practices have caused Plaintiff substantial economic loss, severe emotional distress, and the deprivation of fundamental rights under the California Constitution, Article I, Section 24, and the Fourteenth Amendment to the United States Constitution.

5. Plaintiff seeks compensatory, statutory, and punitive damages, injunctive relief to prevent further unlawful eviction practices, and such other relief as the Court deems just and proper.

## CASE SUMMARY

6. This case challenges Defendant LA APT 1 LLC's unlawful and retaliatory housing practices at the Eastway Apartments in Los Angeles, California, which culminated in two wrongful eviction actions—Los Angeles Superior Court Case Nos. 25IWUD00164 and 25IWUD00165—filed without lawful notice and in direct retaliation for Plaintiff's exercise of statutory tenant rights.

7. Plaintiff entered into a lease with Defendant for a residential unit at the Eastway Apartments, expecting a habitable dwelling as required by California law. Instead, Defendant allowed the premises to fall into severe disrepair, including unsafe structural conditions, nonfunctional security features, and persistent health hazards. Plaintiff's repeated reports and requests for repairs were met not with remediation, but with harassment and threats of eviction.

8. In 2025, Defendant escalated its campaign of retaliation by initiating two unlawful detainer proceedings against Plaintiff, each fatally defective for lack of lawful service and notice. The procedural defects were compounded by judicial misconduct during post-default proceedings. On July 10, 2025, Commissioner Joel C. Koury presided over Plaintiff's Ex Parte Application and Motion to Set Aside a wrongful default judgment and made statements and rulings that reflected clear bias, disregard for due process, and favoritism toward the opposing party's counsel.

9. This misconduct included Commissioner Koury's unsolicited statement to Plaintiff. "You have to do favors"—before the commencement of arguments; the refusal to hear critical evidence, including on-the-record admissions from a co-defendant that no notice to vacate had been served; and repeated interruptions that deprived Plaintiff of a meaningful opportunity to be heard.

10. Defendant's actions are not isolated. They align with the broader corporate misconduct identified in FTC & People of the State of California v. Greystar Real Estate Partners, LLC, et al., where the FTC and California Attorney General alleged—and obtained relief for—a systemic pattern of tenant exploitation, misrepresentation, and unlawful eviction practices by a national property management company. Plaintiff alleges that Defendant has engaged in substantially similar practices, using defective legal processes and unsafe living conditions to force tenants from their homes while avoiding statutory obligations.

11. Plaintiff seeks to hold Defendant accountable for breaches of contract, violations of habitability laws, statutory retaliation, wrongful eviction, negligence, intentional infliction of emotional distress, and violations of both state and federal constitutional protections. Plaintiff seeks compensatory damages, statutory penalties, punitive damages under an 11x multiplier for egregious conduct, and injunctive relief to prevent Defendant from continuing these practices against Plaintiff and others.

## FACTUAL ALLEGATIONS

12. Plaintiff Lord Maison Phibonaccii entered into a valid lease agreement with Defendant LA APT 1 LLC for a residential unit at the Eastway Apartments in Los Angeles, California. The lease created contractual obligations for Defendant to provide habitable premises as required by California Civil Code § 1941.1 and to refrain from retaliatory eviction under California Civil Code § 1942.5.

13. From the inception of the tenancy, Defendant permitted the premises to deteriorate into unsafe and uninhabitable conditions, including defective doors and locks, nonfunctional security cameras, pest infestations, and repeated utility failures. Plaintiff's documented complaints and repair requests were met with hostility, refusal to remediate, and escalating threats of eviction.

14. On or about July 8, 2025, Plaintiff discovered a Notice to Vacate posted on the front door of the leased premises, dated July 7, 2025. The notice was not visible until the following day and was never personally served or communicated. Upon information and belief, the notice was placed by Defendant's management—not by an authorized Sheriff's deputy—raising serious concerns about manipulation of the enforcement timeline and improper legal service. Such service fails to meet California Code of Civil Procedure § 1161a requirements and is constitutionally inadequate under Greene v. Lindsey, 456 U.S. 444 (1982), which held that posted notices subject to removal or concealment are insufficient to satisfy due process.

15. Defendant thereafter initiated two unlawful detainer actions against Plaintiff:

(a) Case No. 25IWUD00164, LA APT 1 LLC v. Phibonaccii, et al.; and

(b) Case No. 25IWUD00165, LA APT 1 LLC v. Phibonaccii.

Both actions were filed without lawful notice and in direct retaliation for Plaintiff's exercise of tenant rights.

16. On July 10, 2025, Los Angeles Superior Court Commissioner Joel C. Koury presided over Plaintiff's Ex Parte Application to Stay Writ of Possession and Motion to Set Aside/Vacate Default Judgment in Case No. 25IWUD00164. Commissioner Koury opened proceedings by telling Plaintiff, "You have to do favors," creating the appearance that judicial relief was contingent on personal or extrajudicial considerations, undermining the impartiality required of judicial officers.

17. Without prior notice to Plaintiff, the Court—on its own motion—advanced the Motion to Set Aside/Vacate Default Judgment from its scheduled date of July 22, 2025 to July 10, 2025. This deprived Plaintiff of the originally allotted preparation time, the ability to marshal evidence, and the opportunity to secure witnesses. Over Plaintiff's objection, the motion was heard immediately.

18. During the hearing, Commissioner Koury refused to hear material evidence, including sworn, on-the-record admissions from co-defendant Cynthia Rangel Yepiz that no notice to vacate had been served. The Commissioner repeatedly interrupted Plaintiff's responses while allowing opposing counsel, Tania K. Cardoso, to present argument without restriction.

19. The Court further attempted to condition a temporary stay of execution and confidentiality of the case record on Plaintiff's agreement to waive all future motions, appeals, and filings. Plaintiff refused such coercive conditions, which, if accepted, would have stripped Plaintiff of all post-judgment remedies.

20. These procedural irregularities and prejudicial rulings mirror the systemic misconduct prosecuted in FTC & People of the State of California v. Greystar Real Estate Partners, LLC, et al., Case No. 3:24-cv-05159 (N.D. Cal.), where the FTC and California Attorney General alleged—and obtained relief for—a corporate pattern of unlawful eviction practices, defective notices, and misrepresentations designed to coerce tenants into surrendering their homes without due process. Defendant LA APT 1 LLC has engaged in substantially similar tactics.

21. As a direct and proximate result of Defendant's conduct, Plaintiff suffered substantial economic loss, including payment of rent for uninhabitable premises, relocation and homelessness hardship, and loss of personal property, as well as severe emotional distress. Defendant's conduct was willful, malicious, and fraudulent, warranting the imposition of punitive damages under a multiplier of eleven (11) to deter future misconduct.

**Procedural Irregularities in July 10, 2025 Hearing**

22. On July 10, 2025, the Los Angeles Superior Court, Department 8, presided over by Commissioner Joel C. Koury, heard Plaintiff's Ex Parte Application to Stay Writ of Possession in Case No. 25IWUD00164. The Commissioner, on his own motion and over Plaintiff's objection, advanced Plaintiff's separately scheduled Motion to Set Aside/Vacate Default Judgment from July 22, 2025 to that same date. This advancement deprived Plaintiff of the preparation time necessary to marshal evidence and secure witnesses.

23. The Court denied both the Ex Parte Application and the Motion to Set Aside, relying on a finding that "defendants were given proper notice" despite sworn declarations, exhibits, and on-the-record statements from co-defendant Cynthia Rangel Yepiz confirming that no notice to vacate had been served.

24. The Notice of Ruling and Minute Order further confirm that the Court attempted to condition any stay of execution and confidentiality of the record on Plaintiff's agreement to vacate the premises by July 20, 2025, and waive all further motions, applications, or appeals. Plaintiff refused these coercive terms, which, if accepted, would have stripped him of all post-judgment remedies.

25. This hearing also reflects overt judicial bias: Plaintiff was interrupted repeatedly while opposing counsel, Tania K. Cardoso, was allowed to present uninterrupted argument via Lacourt Connect. The Court's opening remark to Plaintiff — "You have to do favors" — created the appearance that judicial relief was contingent on personal considerations, undermining public confidence in the integrity of the judiciary.

**Ongoing Harm Through Tenant Screening Reports**

26. As a direct result of the wrongful judgments entered in Case Nos. 25IWUD00164 and 25IWUD00165, both arising from unlawful detainer actions initiated by Defendant LA APT 1 LLC, Plaintiff's housing eligibility has been severely impaired. These judgments are now reported in Plaintiff's tenant screening reports obtained by prospective landlords through Rent Grow, Inc., a consumer reporting agency.

27. The screening report, dated June 18, 2025, lists both judgments and identifies the properties at 8820 Sepulveda Eastway, Units 114 and 139, Los Angeles, California, with judgment dates of March 26, 2025, and March 27, 2025, respectively. This information is flagged as "Does Not Meet Property Requirements," effectively causing automatic denials of housing applications.

28. These negative entries are the direct product of the due process violations, improper service, and judicial bias described above, and their continued presence in consumer reports causes ongoing economic and reputational harm. The dissemination of these judgments to third

parties has resulted in Plaintiff being denied rental housing and subjected to further emotional distress.

**Improper Service by Leasing Agent**

29. On July 8, 2025, Plaintiff documented the posting of a Notice to Vacate at the leased premises. The posting was performed by Defendant's leasing agent, identified as "Nakisha," rather than a Los Angeles County Sheriff's Department deputy. This fact is captured in a photograph marked as (Exhibit A).

30. Service of a writ of possession and notice to vacate by a leasing agent, rather than a levying officer, is prohibited under California Code of Civil Procedure § 715.020. This defective method of service deprived Plaintiff of constitutionally adequate notice and an opportunity to be heard, in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 24 of the California Constitution.

31. This improper service was compounded by the Court's subsequent refusal to hear evidence of the defective notice, despite its centrality to the validity of the eviction proceedings.

**Service Delay Confirmed by Envelope Markings**

32. Further evidence of improper service is contained in (Exhibit B), which shows the envelope containing court-related materials that was delivered only after statutory deadlines had passed. The markings on the envelope confirm that service occurred well after the dates claimed in the proof of service filed by Defendant.

33. This delay in service deprived Plaintiff of the notice period required under California Code of Civil Procedure §§ 415.20 and 715.020, as well as due process under the Fourteenth Amendment and California Constitution Article I, Section 24.

34. The delayed delivery materially impacted on Plaintiff's ability to prepare and file timely responses and contributed directly to the wrongful default judgments entered in Case Nos. 25IWUD00164 and 25IWUD00165.

**Delayed Execution of Writ of Possession**

35. As shown in Exhibit C, the Writ of Possession in Plaintiff's case was officially filed with the Court on April 11, 2025. Despite this filing date, no attempt at service or execution was made until nearly three months later.

36. California Code of Civil Procedure § 715.020 contemplates prompt execution of writs to ensure both parties have clarity in the eviction process. The unexplained delay in service and execution reflects procedural abandonment, rendering the eventual service defective and prejudicial to Plaintiff's rights.

37. This prolonged delay, coupled with the improper service methods described in Exhibits A and B, constitutes a violation of Plaintiff's procedural due process rights under the Fourteenth Amendment and California Constitution Article I, Section 24, and further undermines the validity of the judgments in Case Nos. 25IWUD00164 and 25IWUD00165.

**Defective Service of Notice to Pay Rent or Quit**

38. As shown in Exhibit 3, Defendant alleges service of a Notice to Pay Rent or Quit on November 12, 2024, at 8820 Sepulveda Eastway, Unit 139, Los Angeles, California. The proof of service indicates the notice was served solely by "Posting and Mailing," without evidence of any prior attempt at personal or substituted service as required by California Code of Civil Procedure § 1162(a).

39. Service by posting and mailing, absent due diligence in attempting personal or substituted service, fails to meet statutory requirements and is constitutionally inadequate where it risks the notice not being received, as recognized in Greene v. Lindsey (1982) 456 U.S. 444.

40. This defective service method deprived Plaintiff of adequate notice and an opportunity to cure or contest the alleged rent default, rendering the subsequent unlawful detainer proceedings void for lack of jurisdiction.

**Withdrawal of Eviction – Unit 114**

41. As shown in Exhibit 4, on November 5, 2024, Eastway Apartments' Community Manager, Luke Houska, sent an email confirming that the UD case for Plaintiff's Unit #114 was withdrawn. The same email confirmed the removal of restrictions on Plaintiff's online resident account, allowing rent to be paid electronically through the tenant portal.

42. Despite this written withdrawal, Defendant proceeded to maintain unlawful detainer actions against Plaintiff and continued to pursue judgments in Case Nos. 25IWUD00164 and 25IWUD00165. The continued prosecution of these cases after confirming withdrawal constitutes fraud upon the court, retaliation, and abuse of process.

43. This communication further ties Defendant's conduct to Greystar Real Estate Partners, LLC — a corporate landlord previously prosecuted by the FTC and California Attorney General for similar patterns of tenant exploitation, misrepresentation, and unlawful eviction practices.

**Service of Summons and Filing Date Conflicts**

44. As shown in Exhibit 5, LA APT 1 LLC initiated an unlawful detainer action against Plaintiff and co-defendant Cynthia Rangel Yepiz on October 3, 2024, in the Los Angeles Superior Court, Southwest District, Inglewood Courthouse. The summons lists Plaintiff's residence as 8820 Sepulveda Eastway, Unit 139, Los Angeles, California.

45. This filing date predates November 5, 2024, written notice from Eastway Apartments' Community Manager confirming the withdrawal of the eviction for Plaintiff's residence (Exhibit 4). The continued prosecution of the unlawful detainer after acknowledging its withdrawal demonstrates bad faith, retaliation, and abuse of process.

46. The summons further underscores the defective service issues documented in Exhibits A, B, C, and 3, as Plaintiff was not properly served in compliance with California Code of Civil Procedure §§ 415.10–415.20, nor provided adequate due process under the Fourteenth Amendment and California Constitution, Article I, Section 24.

**Prior Wrongful Eviction Action Dismissed**

47. As shown in Exhibit 6, on November 7, 2019, Plaintiff in Case No. 19VEUD02864 — represented by Chris Evans of Kimball, Tirey & St. John LLP — filed a Request for Dismissal with prejudice of the entire unlawful detainer action against Plaintiff Lord Maison Phibonaccii. The dismissal was entered by the Los Angeles Superior Court, Van Nuys / Northwest District, and served on November 12, 2019.

48. This prior dismissal underscores a pattern of meritless or retaliatory unlawful detainer filings against Plaintiff, often withdrawn or dismissed when challenged, and supports the allegation that the current cases (25IWUD00164 and 25IWUD00165) are part of an ongoing course of conduct by Defendant LA APT 1 LLC and its counsel to use eviction litigation as a means of harassment and retaliation rather than lawful dispute resolution.

**Pattern of Attorney Misconduct in Unlawful Detainer Actions**

49. As shown in Exhibit 7, Plaintiff filed a State Bar complaint on July 7, 2025, against attorney Chris James Evans (CA Bar #202135), who represented LA APT 1 LLC in the present unlawful detainer actions. The complaint details a pattern of litigation misconduct across multiple cases involving Plaintiff, including the earlier Montecito case and the current Eastway actions (25IWUD00164 and 25IWUD00165).

50. The misconduct includes: prosecuting evictions after withdrawal, using defective service methods, blocking payment portals to force defaults, misrepresenting rent balances, and continuing litigation despite procedural and substantive defects. These actions mirror unlawful litigation tactics that have been condemned by California courts and prohibited by the California Rules of Professional Conduct.

51. This pattern demonstrates that the present cases are part of a broader scheme to misuse the unlawful detainer process to displace tenants without due process, in violation of both California and federal law.

**Voluntary Dismissal of Earlier UD Action**

52. As shown in Exhibit 8, on November 13, 2024, Plaintiff in Case No. 24IWUD00202 — LA APT 1 LLC, represented by Chris Evans of Kimball, Tirey & St. John LLP — filed a Request for Dismissal without prejudice of the entire unlawful detainer action against Plaintiff Lord Maison Phibonaccii and co-defendant Cynthia Rangel Yepiz.

53. This dismissal occurred only eight days after November 5, 2024, written withdrawal of eviction notices for Unit 114 (Exhibit 4). Despite both the written withdrawal and court dismissal, Defendant subsequently initiated new unlawful detainer actions (25IWUD00164 and 25IWUD00165) arising from the same tenancy and involving the same alleged rent disputes, constituting abuse of process, harassment, and retaliation under California Civil Code § 1942.5.

**Judicial Misconduct Complaints Filed**

54. As shown in Exhibits 9 and 10, on July 10, 2025, Plaintiff filed formal judicial misconduct complaints (Entries 11,264 and 11,265) with the California Commission on Judicial Performance against Commissioner Joel C. Koury, who presided over proceedings in Plaintiff's unlawful detainer actions.

55. The complaints document, under penalty of perjury, the Commissioner's biased conduct, including the opening statement "You have to do favors," refusal to hear critical evidence of defective notice, advancing the hearing date without notice, and allowing the opposing counsel to dominate the proceedings without equal opportunity for Plaintiff to present argument.

56. These complaints are part of the official record and confirm Plaintiff's position that the judgments entered in Case Nos. 25IWUD00164 and 25IWUD00165 were obtained in violation of procedural due process rights under both the California and United States Constitutions.

**Supplemental Attorney Misconduct Complaints**

57. In addition to the July 7, 2025, State Bar complaint already attached as Exhibit 7, Plaintiff has filed multiple formal complaints against attorney Chris James Evans and his firm Kimball, Tirey & St. John LLP for their role in prosecuting unlawful detainer actions against Plaintiff without legal or factual merit.

58. These complaints, attached as Exhibits 7B and 7C, describe a consistent pattern of litigation abuse, including re-filing withdrawn eviction cases, defective service, misrepresentation to the court, and retaliation against Plaintiff's protected activity.

59. The existence of multiple complaints, each submitted independently, reinforces Plaintiff's claim that the present actions (25IWUD00164 and 25IWUD00165) are part of an ongoing corporate strategy to use the unlawful detainer process as a tool of harassment and displacement.

**Interference with Commerce and Livelihood**

60. Defendant's wrongful eviction actions and the resulting judgments have directly interfered with Plaintiff's ability to participate in commerce, both in securing housing and in maintaining professional operations. The negative entries from the unlawful detainer judgments, now disseminated through national tenant screening reports, have effectively barred Plaintiff from securing rental housing anywhere in the open market, thereby excluding Plaintiff from the ordinary flow of interstate and intrastate commerce in housing services.

61. Because Plaintiff's professional work requires maintaining a stable residence to manage and coordinate multiple business and legal matters, Defendant's conduct has further disrupted Plaintiff's ability to enter into commercial transactions, negotiate contracts, and maintain client relationships. This interference constitutes a substantial burden on Plaintiff's lawful participation in commerce and has caused measurable economic harm beyond the loss of housing.

**CAUSES OF ACTION**

**Retaliatory Eviction -California Civil Code § 1942.5**

62. Elements: Tenant engaged in a protected activity → landlord acted with retaliatory motive → took an adverse action (UD filing, lockout, harassment) within 180 days.

Facts: You complained about habitability, rent accounting errors, and service delays.

Defendant issued defective 3-Day Notice (Exhibit 2) and refiled UD despite prior withdrawal.

Pattern shown in exhibits: UD dismissed 11/07/19, withdrawal 11/05/24, refiled UD (Case No. 25IWUD00165).

63. Key Precedent: Barela v. Superior Court (1981) 30 Cal.3d 244 – Retaliatory eviction applies even when UD filed after lease term expired if in response to protected tenant activity. Barkett v. Brucato (1953) 122 Cal.App.2d 264 – Retaliation can be inferred from timing and sequence of events.

**Violation of Cal. Civ. Code § 789.3-Willful Interruption of Services / Lockout**

64. Elements: Landlord willfully interrupts utility or service to recover possession or harass tenant → statutory penalty $100/day + damages.

Facts:

- Removal of online rent portal access.
- Improper service of notices.
- Threatened eviction filings.

- Property manager refused payments (Exhibit 6, emails, and testimony).

**Key Precedent:**

- Spinks v. Equity Residential Briarwood Apartments (2009) 171 Cal.App.4th 1004 – Changing terms or access to payment portals can be treated as "service interruption" under § 789.3 if done to push tenant out.

**Breach of Implied Warranty of Habitability**

65. Elements: Landlord failed to maintain premises in habitable condition → tenant suffered damages.

Facts:

- Documented habitability issues in Apartment 139 & 114.
- Pest infestation, flooding, broken locks (see inspection reports & photos).

**Key Precedent**:

- Green v. Superior Court (1974) 10 Cal.3d 616 – Landmark case establishing habitability warranty.
- Hinson v. Delis (1972) 26 Cal.App.3d 62 – Warranty breach allows rent withholding and damages.

**Abuse of Process**

66. Elements: Defendant used legal process for a purpose other than that for which it was designed → damages.

Facts:

- Filing and refiling UD after withdrawal.
- Service defects (Exhibit 3).
- Using eviction filings to intimidate, not lawfully recover possession.

**Key Precedent:**

- Spellens v. Spellens (1957) 49 Cal.2d 210 – Abuse of process applies when process is used to extort or harass.
- Adams v. Superior Court (1992) 2 Cal.App.4th 521 – Misuse of UD filings for retaliatory purposes is abuse of process.

**Violation of Due Process Rights - California Constitution Article I, § 24**

Elements: State action or use of judicial process deprives person of property rights without fair process.

Facts:

- Improper notice periods.
- Refusal to accept lawful payment.
- Service defects → deprived you of fair hearing opportunity.

**Key Precedent:**

- People v. Ramirez (1979) 25 Cal.3d 260 – California due process can be broader than federal.
- Today's Fresh Start, Inc. v. Los Angeles County Office of Education (2013) 57 Cal.4th 197 – State constitutional protections apply to quasi-judicial and judicial proceedings.

**Unfair Competition Law (UCL) – Bus. & Prof. Code § 17200 et seq.**

67. Elements: Unlawful, unfair, or fraudulent business practice → injury.

Facts:

- Filling defective UD notices.
- Retaliatory conduct after protected complaints.
- Discriminatory treatment in violation of housing laws

**Key Precedent:**

- Cel-Tech Communications, Inc. v. L.A. Cellular Telephone Co. (1999) 20 Cal.4th 163 – "Unfair" under UCL includes practices against established public policy.
- Zamos v. Stroud (2004) 32 Cal.4th 958 – Continuing to prosecute an action known to lack merit violates public policy.

**Negligence**

68. Elements: Duty → breach → causation → damages.

Facts:

- Failure to follow eviction laws.
- Failure to maintain premises.
- Mishandling rent accounts.

**Key Precedent:**

- Lichtman v. Siemens Industry, Inc. (2017) 16 Cal.App.5th 914 – Landlord owes tenants duty to comply with statutory requirements.

**Punitive Damages Claim**

Statute: Cal. Civ. Code § 3294 – Oppression, fraud, or malice.

Facts:

- Pattern of filing and withdrawing cases to cause distress.
- Misrepresenting payment status.
- Using process to retaliate.

**Key Precedent:**

- Taylor v. Superior Court (1979) 24 Cal.3d 890 – Punitive damages apply for conscious disregard of rights.

**FTC Act Violation**

**(Violation of Section 5 of the Federal Trade Commission Act – 15 U.S.C. § 45(a))**

69. Plaintiff re-alleges and incorporates by reference all preceding paragraphs. Defendants engaged in unfair or deceptive acts or practices in or affecting commerce, including:

- Misrepresenting Plaintiff's rental status and payment history.
- Concealing material tenancy records.
- Furnishing false information to credit reporting agencies.
- Denying federally and state-approved COVID-19 rent relief through deceptive means; and
- Engaging in coordinated eviction schemes designed to mislead courts and regulatory agencies.

70. These acts are likely to mislead consumers acting reasonably under the circumstances and have caused, and are likely to cause, substantial injury to consumers that is not outweighed by countervailing benefits.

71. FTC complaint, filed on January 16, 2025, described these same acts and provided documentary evidence, including court records, lease agreements, payment receipts, and credit bureau communications.

- As a direct and proximate result, Plaintiff suffered substantial economic losses, loss of housing, reputational harm, and severe emotional distress.

**PRAYER FOR RELIEF**

72. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant LA APT 1 LLC as follows:

73. Compensatory Damages – In an amount to be determined at trial, but not less than the total economic losses suffered by Plaintiff, including:

a. Rent paid for uninhabitable premises.
b. Relocation and homelessness hardship costs.
c. Loss of personal property.
d. Lost business and commercial opportunities caused by the wrongful eviction and resulting tenant screening report entries; and
e. Ongoing economic harm from the inability to secure housing and engage in ordinary commerce.

74. Statutory Damages and Penalties – Pursuant to California Civil Code §§ 789.3, 1942.5, and other applicable provisions, for each day of wrongful lockout, retaliation, and deprivation of housing services.

75. Punitive Damages – In an amount to be determined at trial, but no less than eleven (11) times the compensatory damages awarded, to punish and deter Defendant's willful, malicious, fraudulent, and oppressive conduct.

76. Declaratory Relief – A judicial declaration that the judgments in Case Nos. 25IWUD00164 and 25IWUD00165 were procured through defective service, judicial bias, and violations of due process, and are therefore void and unenforceable.

Injunctive Relief – An order:

77. Enjoining Defendant from enforcing, reporting, or disseminating any unlawful detainer judgments obtained against Plaintiff.

78. Requiring Defendant to request immediate removal of said judgments from all consumer and tenant screening reports.

79. Prohibiting Defendant from initiating any further eviction or adverse action against Plaintiff in violation of California or federal law; and

80. Compelling Defendant to issue signed, written apology letters acknowledging the wrongful eviction actions, the defective service, and the harm caused to Plaintiff, with copies to be provided to Plaintiff and preserved in court records.

81. Restitution and Disgorgement – Of all sums wrongfully collected or retained by Defendant as a result of the unlawful eviction proceedings.

82. Costs and Attorneys' Fees – Pursuant to California Civil Code §§ 789.3, 1942.5, Code of Civil Procedure § 1021.5, and any other applicable law, including federal fee-shifting provisions.

82. Pre- and Post-Judgment Interest – As allowed by law. Such Other and Further Relief – As the Court deems just and proper under the circumstances.

83. Eastway patterns show a sustained and deliberate deprivation of housing and property rights, coupled with obstruction of legal remedies, which directly violates California's heightened state constitutional protections.

Respectfully submitted,

Dated: August 10, 2025

***/s/ Lord Maison Phibonaccii***

Lord Maison Phibonaccii
18612 Willard St RM 1
Los Angeles, Ca 91335
(818) 438-9998
Phibonaccii@icloud.com
Plaintiff, Pro Se

Supporting Photo of Posted Notice (July 8, 2025)



# EXHIBIT A-1

NOTICE OF RULING

TANIA K CORDOSO

JULY 10, 2025

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, SOUTHWEST – INGLEWOOD DISTRICT

Tania K. Cardoso, SBN 244473
HC LAW, APC
7755 Center Avenue, Ste. 1100
Huntington Beach, CA 92647
(562) 912-7712
tcardoso@hclawapc.com

Attorney for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, SOUTHWEST – INGLEWOOD DISTRICT

| | |
|---|---|
| LA APT 1, LLC<br><br>Plaintiff,<br><br>vs.<br><br>CYNTHIA RANGEL YEPIZ, LORD PHIBONACCII<br><br>Defendant(s)<br><br>DOES 1 TO 10 INCLUSIVE | Case No.: No. 25IWUD00164<br><br>NOTICE OF RULING<br><br>Date: July 10, 2025<br>Time: 1:30 pm<br>Dept: 8 |

PLEASE TAKE NOTICE that Defendant's Ex Parte Application for a Stay of Execution Pending Hearing on Motion to Set Aside Judgment, was heard on July 10, 2025 at 1:30PM, in Dept. 8 of the INGLEWOOD COURTHOUSE before Commissioner Joel Koury. Plaintiff's counsel, Tania K. Cardoso, Esq. appeared via LACourtConnect; Defendants appeared in person.

The Court heard argument, both written and oral. The Court denied Defendant's ex parte application for a stay of execution of judgment.

Further, the Court, on its own motion and over the objection of Defendants advanced the Defendants' Hearing on Defendant's Motion to Set Aside/Vacate Default and Default Judgment from July 22, 2025, 2025 to July 10, 2025. The Court denied the Motion to Vacate Default Judgment and Application for Stay of Execution of Judgment.

The Court and Parties confer on a mutually agreeable stay of execution and confidentiality of the file, on the conditions that Defendants vacate no later than July 20, 2025 and file no further motions, papers, applications or appeals to contest the judgment in this matter. Defendant Yepiz agrees to said conditions; however, Defendant Phibonaccii refused to agree to the conditions and walked out of the hearing.

The Court put the matter on second call in order to ascertain if both Defendants would agree to the terms as stated. Later, Defendant Yepiz advised that Defendant Phibonaccii would not agree to the conditions for confidentiality and a stay of execution. Plaintiff agreed to permit the record to be confidential on the conditions that Defendants vacated timely and did not file any motions to delay or stay execution of the lockout, or contest or appeal the judgment.

A copy of the minute order is attached hereto.

Dated: July 10, 2023

HC LAW, APC
BY: TANIA K. CARDOSO
ATTORNEY FOR PLAINTIFF

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Southwest District, Inglewood Courthouse, Department 8

**25IWUD00164**
**LA APT 1, LLC vs CYNTHIA RANGEL YEPIZ, et al.**

July 10, 2025
1:30 PM

Commissioner: Honorable Joel C. Koury
Judicial Assistant: Corinth King
Courtroom Assistant: None

CSR: None
ERM: FTR
Deputy Sheriff: Venegas

APPEARANCES:

For Plaintiff(s): Tania Kim Cardoso (Telephonic)

For Defendant(s): Lord Phibonaccii; Cynthia Rangel Yepiz

**NATURE OF PROCEEDINGS:** Hearing on Ex Parte Application to stay the writ of possession

It is hereby stipulated by both parties that this matter may be heard by Commissioner Joel C. Koury for all further proceedings.

The matter is called for hearing.

Both defendants are present and sworn.

The Court finds good cause to advance the Motion to Set Aside/Vacate Judgment to today's date.

On the Court's own motion, the Hearing on Motion to Set Aside/Vacate Default (CCP 473.5) scheduled for 07/22/2025 is advanced to this date and heard.

Based on the representations made by both sides, the Court now rules as follows:

The Ex Parte Application to stay the writ of possession filed by Cynthia Rangel Yepiz, Lord Phibonaccii on 07/09/2025 and Motion to Set Aside/Vacate Default and / or Default Judgment filed by Cynthia Rangel Yepiz, Lord Phibonaccii on 07/09/2025 are Denied.

The Court finds that the defendants were given proper notice and failed to file an answer timely.

As no lockout is currently scheduled, plaintiff agrees to allow the defendants to vacate the property by 7/20/25. The record shall also remain confidential under Code of Civil Procedure 1161.2(a)(1)(A).

Plaintiff to give notice.

**PROOF OF SERVICE**

I, Tania K. Cardoso, am an active member of the State Bar of California and am admitted to practice law before this Court. My business address is 7755 Center Avenue, Suite 1100, Huntington Beach, CA 92647.

On July 10, 2025, I served the foregoing documents described as:

**Notice of Ruling**

On the following parties:

| | |
|---|---|
| Cynthia Rangel Yepiz<br>8820 Sepulveda Eastway #114<br>Los Angeles, CA 90045 | Lord Phibonaccii<br>phib0naccii@icloud.com<br>8820 Sepulveda Eastway #114<br>Los Angeles, CA 90045 |

**(BY PERSONAL DELIVERY)** I delivered in hand to the place where the property is situated. I declare under penalty of perjury that the foregoing is true and correct and if called as a witness could testify completely.

**XX** **(BY MAIL)** I placed a true and correct copy of the document(s) in a sealed envelope addressed as follows and I caused the envelope to be deposited in the mail at Huntington Beach, California. The envelope was mailed with postage thereon fully prepaid.

**XX** (**BY ELECTRONIC SERVICE)** I caused said document to be transmitted via electronic Service to the recipients listed in the service list at their corresponding electronic mail accounts. (CCP §1013(g), CRC 2.251)

**(BY FACSIMILE**) I transmitted the documents by facsimile machine [from telephone number: (562)912-7712, to each person listed in the above service list. The transmission(s) were reported as complete and without error. A copy of the transmission report is attached to this Proof of Service. This transmission report was properly issued by the transmitting facsimile machine.

**(BY OVERNIGHT MAIL)** I placed a true and correct copy of the document(s) in a sealed envelope addressed as follows and I caused the envelope to be deposited with USPS at Huntington Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 10, 2025, at Huntington Beach, California.

Tania K. Cardoso, Esq.

# EXHIBIT A-1

NOTICE OF RULING

TANIA K CORDOSO

JULY 10, 2025

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, SOUTHWEST – INGLEWOOD DISTRICT

# EXHIBIT B

TITLE: Mailed Envelope Showing Delayed Service

DATE: Postmarked July 7, 2025 / Received July 9, 2025

DESCRIPTION: This exhibit displays the envelope from the Los Angeles County Sheriff's Department postmarked July 7, 2025. It was received by the defendant on July 9, 2025—after the notice to vacate had already been posted on the door. This delay in mailing undermines the lawful 5-day notice period and supports claims of improper service under CCP § 715.020 and due process violations under the Fourteenth Amendment.

Supporting Image: Envelope from Sheriff's Department



# EXHIBIT B-1

RENT STABILIZATION File #51088

LAHD
LOS ANGELES HOUSING DEPARTMENT

Rent and Code Compliance Bureau
1910 Sunset Blvd, Ste 300 Los Angeles, CA 90026
Tel: 866.557.7368
housing.lacity.org

Karen Bass, Mayor
Ann Sewill, General Manager

# DECLARATION RE: REQUEST TO VERIFY THE FILING OF AN EVICTION NOTICE WITH THE LOS ANGELES HOUSING DEPARTMENT

1. The Los Angeles Housing Department ("LAHD") maintains records of notices of termination of tenancy filed by a landlord as required by Los Angeles Municipal Code (LAMC) Sections 151.09.C.9 and 165.05.B.5 ("Eviction Notice/Notices"). These sections both state: "A copy of any written notice terminating a tenancy shall be filed with the Department within three business days of service on the tenant."
2. LAHD's Eviction Filing System stores a copy of the submitted Eviction Notice and directly records the date of submission if the Eviction Notice was submitted by the landlord online through LAHD's Eviction Filing System portal. If LAHD received a hard copy of the Eviction Notice by mail or personal delivery to an LAHD public counter, LAHD's third party vendor will scan the notice and LAHD will upload the Eviction Notice to the Eviction Filing System recording the received date as either the postmark date of the mail or the LAHD public counter date received stamp.
3. LAHD maintains Eviction Notices in the ordinary course of business and records and stores them at or near the time LAHD receives the Eviction Notice. Eviction Notices stored and maintained by LAHD are also public records. LAHD's Eviction Filing System generates a received date in the system when an Eviction Notice is submitted online. This received date is generated in the ordinary course of business on the date and the time the Eviction Notice is received and is maintained electronically by LAHD in its Eviction Filing System. Notices filed at the LAHD public counters have an LAHD stamp showing receipt date which is stored in the LAHD's Eviction Filing System as the received date. Notices received via mail have a postmark date which is stored in the LAHD's Eviction Filing System as the received date.
4. This declaration is in response to a party's request to LAHD to verify the filing of a copy of an Eviction Notice with LAHD. LAHD staff has reviewed the request. The

request asked LAHD to verify if LAHD had received an Eviction Notice with respect to the following property:

**LAHD RESPONSE DATE:** 4/22/2024 **APN:** 4123006028

**PROPERTY ADDRESS:** 8820 S SEPULVEDA #139, LOS ANGELES, CA, 90045

**SPECIFIC NOTICE(S) (IF REQUESTED):** ____________________

5. LAHD staff made a diligent search of the records maintained by the LAHD to determine whether LAHD has ever received a copy of any Eviction Notice related to the Property address set forth in paragraph 4, above. In response to this search, LAHD determined the following (see option checked below):

☑ LAHD **DOES** possess records showing an Eviction Notice(s) was filed with LAHD with respect to the above-referenced property. A copy of the Eviction Notice(s) found is attached. LAHD's records indicate that the Eviction Notice attached was received by LAHD by

☐ online submission to the Electronic Filing System,

☐ personal delivery to an LAHD public counter,

☐ by mail

On dates See attached list.

☐ LAHD **DOES NOT** possess any Eviction Notices submitted electronically or sent via mail or delivered in person by the landlord or landlord's representative with respect to the above-referenced property.

6. LAHD has standard procedures for accepting and storing an Eviction Notice submitted by a landlord pursuant to Los Angeles Municipal Code Sections 151.09.C.9 and 165.05.B.5. These procedures are accurately summarized in the question-and-answer format below.

(a) **What is LAHD's procedure(s) for accepting and storing eviction notices submitted by landlords?**

LAHD receives Eviction Notices from landlords via personal delivery to LAHD public counters, by electronic (online) submission through LAHD's Eviction Filing System portal (www. https://lahd.service-now.com/efs), or via US Mail, FedEx or UPS. Online submissions through LAHD's Eviction Filing System portal are automatically processed and stored in LAHD's online tracking system database. Hard copy notices received in person at an LAHD public counter or via mail are scanned and uploaded to the electronic Eviction Filing System. It may take 1-2 weeks after receipt of the hard copy of the notice for it to be uploaded to LAHD's Eviction Filing System.

(b) **What does LAHD deem to be the received date of a submitted eviction notice?**

The received date is either **(1)** the date the landlord uploads a copy of the notice to the LAHD Eviction Filing System if submitting online, **(2)** the date a hard copy of the notice is personally delivered to LAHD at an LAHD public counter, or **(3)** the postmark date if a hard copy of the Eviction Notice is mailed to LAHD. If there is no postmark date, then LAHD looks to the date the mail was physically received.

(c) **What are LAHD's procedures for searching for Eviction Notices that have been received by LAHD?**

In response to a request to search for and verify whether an Eviction Notice for a specified property was ever received by LAHD, LAHD staff searches its online Eviction Filing System database by unit number, address, tenant name and Assessor's Parcel Number (APN) using search mechanisms programmed into the system. If an Eviction Notice is found, an LAHD staff member reviews the Eviction Notice stored in the system, and confirms the date of submission recorded in the system. Hard copy notices that are mailed or delivered in person to an LAHD public counter are not searched until after they are uploaded to the LAHD Eviction Filing System.

| | A | B | C | D | E | F | G | H | I | J | K |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Number | Tenant First Name | Tenant Last Name | Notice date | Received Date | Address | Unit | City | Zip code | APN | Submission Type |
| 2 | EFS0026089 | [redacted] | | 05-11-2023 | 05-12-2023 | 8820 Sepulveda Eastway | 139 | Los Angeles | 90045 | 4123006028 | Submitted Online |
| 3 | EFS0075547 | Lord | Phibonaccii | 11-14-2023 | 11-15-2023 | 8820 S SEPULVEDA EASTWAY | 139 | Los Angeles | 90045 | 4123006025 | Submitted Online |
| 4 | EFS0097603 | Lord | Phibonaccii | 02-13-2024 | 02-16-2024 | 8820 S SEPULVEDA EASTWAY | 139 | Los Angeles | 90045 | 4123006028 | Submitted Online |
| 5 | EFS0105921 | Lord | Phibonaccii | 03-21-2024 | 03-22-2024 | 8820 S SEPULVEDA EASTWAY | 139 | Los Angeles | 90045 | 4123006028 | Submitted Online |
| 6 | EFS0111962 | Lord | Phibonaccii | 04-10-2024 | 04-15-2024 | 8820 S SEPULVEDA EASTWAY | 139 | Los Angeles | 90045 | 4123006028 | Submitted Online |
| 7 | EFS0113527 | Lord | Phibonaccii | 04-23-2024 | 04-26-2024 | 8820 S SEPULVEDA EASTWAY | 139 | Los Angeles | 90045 | 4123006028 | Submitted Online |
| 8 | EFS0118888 | Lord | Phibonaccii | 05-13-2024 | 05-13-2024 | 8820 S SEPULVEDA EASTWAY | 139 | Los Angeles | 90045 | 4123006028 | Submitted Online |
| 9 | EFS0141433 | Lord | Phibonaccii | 06-12-2024 | 06-12-2024 | 8820 S SEPULVEDA EASTWAY | 139 | Los Angeles | 90045 | 4123006028 | Submitted Online |

| | A | B | C | D | E | F | G | H | I | J | K |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | EFS0157131 | LORD | PHIBONACCII | 08-13-2024 | 08-14-2024 | 8820 S SEPULVEDA EASTWAY | 139 | Los Angeles | 90045 | 4123006028 | Submitted Online |
| 11 | EFS0164968 | LORD | PHIBONACCII | 09-10-2024 | 09-13-2024 | 8820 S SEPULVEDA EASTWAY | 139 | Los Angeles | 90045 | 4123006028 | Submitted Online |
| 12 | EFS0173884 | LORD | PHIBONACCII | 10-22-2024 | 10-22-2024 | 8820 S SEPULVEDA EASTWAY | 139 | Los Angeles | 90045 | 4123006028 | Submitted Online |
| 13 | EFS0182118 | LORD | PHIBONACCII | 11-12-2024 | 11-15-2024 | 8820 S SEPULVEDA EASTWAY | 139 | Los Angeles | 90045 | 4123006028 | Submitted Online |

# NOTICE TO PAY RENT OR QUIT (CARES)

TO: [redacted] and all others in possession of the premises: **8820 Sepulveda Eastway #139 Los Angeles, CA. 90045**

**PLEASE TAKE NOTICE that you are hereby required to do one of the following:**

**(1) WITHIN THREE (3) DAYS, excluding Saturdays Sundays and judicial holidays, after the service on you of this notice, pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

**$3,693.00 FROM 05/01/2023 THROUGH 05/31/2023**

Payment must be made payable to **LA APT 1 LLC** and delivered as follows (*check all that apply*):

- [X] By mail to: 8820 Sepulveda Eastway Attn: Leasing Office Los Angeles, CA. 90045
- [X] By delivering in person to: Vanessa Morell or any available personnel at 8820 Sepulveda Eastway Los Angeles, CA. 90045 between the hours of 9am-6pm on the following days of the week Monday – Saturday.
  Said employee may be reached by telephone at 323.556.9696
- [X] To the 24-hour drop box located at the on-site rental office
- [ ] By electronic funds transfer procedure previously established

**(2) Or WITHIN THIRTY (30) DAYS deliver up possession of the premises described herein to the undersigned.**

The premises herein referred to is located at **8820 Sepulveda Eastway Los Angeles, CA.90045.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law, and possible additional statutory damages of up to SIX HUNDRED DOLLARS ($600.00) in accordance with California Code of Civil Procedure Section 1174(b).

This notice further complies with the Coronavirus Aid, Relief and Economic Security (CARES) Act by providing you thirty (30) calendar days to vacate and surrender possession as stated above.

Date: 05/11/2023

By: Eastway/LA APT 1, LLC

Authorized Agent: ____________

# NOTICE TO PAY RENT OR QUIT

To: LORD PHIBONACCII,

and all other in possession of the premises located at:

8820 Sepulveda Eastway #139, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| Date Amount Became Due | Amount |
|---|---|
| May 1st, 2023 | $0.00 |
| June 1st, 2023 | $0.00 |
| July 1st, 2023 | $0.00 |
| August 1st, 2023 | $0.00 |
| September 1st, 2023 | $0.00 |
| October 1st, 2023 | $0.00 |
| November 1st, 2023 | $3,234.00 |

**Total Delinquent Rent: $3,234.00**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| X | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 11/14/2023

By: Luke Houska
Agent for Landlord/Owner

[For Landlord Use Only]

# PROOF OF SERVICE

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: LORD PHIBONACCII,
and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #139, Los Angeles, CA 90045

Date of service: November 14th, 2023

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): ______________________________ ______________________________.

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ______________________________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☐ **BY POSTING AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated.

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on November 14th, 2023 in Los Angeles, California.

Signature: [signature]

Print Name: Luke Houska

# NOTICE TO PAY RENT OR QUIT

To: LORD PHIBONACCII

and all other in possession of the premises located at:

8820 Sepulveda Eastway #139, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| **Date Amount Became Due** | **Amount** |
|---|---|
| January 1st, 2024 | $2,653.19 |
| February 1st, 2023 | $3,234.00 |

**Total Delinquent Rent: $5,887.19**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| X | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said

premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 02/13/2024

By: Luke Houska
Agent for Landlord/Owner

[For Landlord Use Only]

# PROOF OF SERVICE

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: LORD PHIBONACCII
and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #139, Los Angeles, CA 90045

Date of service: February 13th, 2024

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE**. On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): ______________________________________________.

☐ **BY SUBSTITUTED SERVICE**. On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ______________________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☒ **BY POSTING AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated.

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on February 13th, 2024 in Los Angeles, California.

Signature: [signature]

Print Name: Luke Houska

# NOTICE TO PAY RENT OR QUIT

To: LORD PHIBONACCII

and all other in possession of the premises located at:

8820 Sepulveda Eastway #139, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| **Date Amount Became Due** | **Amount** |
|---|---|
| February 1st, 2024 | $752.32 |
| March 1st, 2024 | $3,234.00 |

**Total Delinquent Rent: $3,986.32**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| X | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said

premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 3/21/2024

By: Luke Houska
Agent for Landlord/Owner

[For Landlord Use Only]

# PROOF OF SERVICE

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: LORD PHIBONACCII
and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #139, Los Angeles, CA 90045

Date of service: March 21st, 2024

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): ______________________________________________.

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ______________________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☒ **BY POSTING AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated.

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on March 21st, 2024 in Los Angeles, California.

Signature: [signature]

Print Name: Luke Houska

# NOTICE TO PAY RENT OR QUIT

To: LORD PHIBONACCII

and all other in possession of the premises located at:

8820 Sepulveda Eastway #139, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| **Date Amount Became Due** | **Amount** |
|---|---|
| February 1st, 2024 | $752.32 |
| March 1st, 2024 | $3,234.00 |
| April 1st, 2024 | $3,234.00 |

**Total Delinquent Rent: $7,220.32**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| X | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-

described premises and will institute legal proceedings against you to recover possession of said premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 4/10/2024

By: ____Luke Houska______
Agent for Landlord/Owner

**[For Landlord Use Only]**

**PROOF OF SERVICE**

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: LORD PHIBONACCII
and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #139, Los Angeles, CA 90045

Date of service: April 10th, 2024

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): ______________________________________________.

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ______________________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☑ **BY POSTING AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated.

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on April 10th, 2024 in Los Angeles, California.

Signature: [signature]

Print Name: Luke Houska

# NOTICE TO PAY RENT OR QUIT

To: LORD PHIBONACCII

and all other in possession of the premises located at:

8820 Sepulveda Eastway #139, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| Date Amount Became Due | Amount |
|---|---|
| March 1st, 2024 | $486.32 |
| April 1st, 2024 | $3,234.00 |

**Total Delinquent Rent: $3,720.32**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

Due to previous returned checks, payment must be submitted in the form of a Cashier's Check.

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| X | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 4/23/2024

By: Luke Houska
Agent for Landlord/Owner

**[For Landlord Use Only]**
**PROOF OF SERVICE**

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: LORD PHIBONACCII
and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #139, Los Angeles, CA 90045

Date of service: April 23rd, 2024

I served copies of the above-referenced document(s) in the manner indicated below:

☒ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): Cynthia Rangel Yepiz ____________.

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ____________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☒ ~~**BY POSTING**~~ **AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated.

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on April 23rd, 2024 in Los Angeles, California.

Signature: [signature]

Print Name: Luke Houska

# NOTICE TO PAY RENT OR QUIT

To: LORD PHIBONACCII

and all other in possession of the premises located at:

8820 Sepulveda Eastway #139, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| Date Amount Became Due | Amount |
|---|---|
| March 1st, 2024 | $265.32 |
| April 1st, 2024 | $3,234.00 |
| May 1st, 2024 | $3,234.00 |

**Total Delinquent Rent: $6,733.32**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

Due to previous returned checks, payment must be submitted in the form of a Cashier's Check.

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 5/13/2024

By: Luke Houska
Agent for Landlord/Owner

**[For Landlord Use Only]**

**PROOF OF SERVICE**

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: LORD PHIBONACCII
and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #139, Los Angeles, CA 90045

Date of service: May 13th, 2024

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): ______________________________ ______________________________.

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ______________________________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☒ **BY POSTING AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated.

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on May 13th, 2024 in Los Angeles, California.

Signature: ______________________

Print Name: Luke Houska

# NOTICE TO PAY RENT OR QUIT

To: LORD PHIBONACCII

and all other in possession of the premises located at:

8820 Sepulveda Eastway #139, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| Date Amount Became Due | Amount |
|---|---|
| June 1st, 2024 | $3,234.00 |

**Total Delinquent Rent: $3,234.00**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

Due to previous returned checks, payment must be submitted in the form of a Cashier's Check.

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said

premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 6/12/2024

By: Luke Houska
Agent for Landlord/Owner

[For Landlord Use Only]

# PROOF OF SERVICE

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: LORD PHIBONACCII
and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #139, Los Angeles, CA 90045

Date of service: June 12th, 2024

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): ______________________________ .

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ______________________________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☒ **BY POSTING AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by ~~first-class~~ mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated.

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on June 12th, 2024 in Los Angeles, California.

Signature: [signature]

Print Name: Luke Houska

# NOTICE TO PAY RENT OR QUIT

To: LORD PHIBONACCII

and all other in possession of the premises located at:

8820 Sepulveda Eastway #139, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| **Date Amount Became Due** | **Amount** |
|---|---|
| August 1st, 2024 | $3,234.00 |

**Total Delinquent Rent: $3,234.00**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

Due to previous returned checks, payment must be submitted in the form of a Cashier's Check.

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said

premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 8/13/2024

By: Luke Houska
Agent for Landlord/Owner

**[For Landlord Use Only]**

# PROOF OF SERVICE

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: LORD PHIBONACCII
and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #139, Los Angeles, CA 90045

Date of service: August 13th, 2024

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): ______________________________.

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ______________________________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☒ **BY POSTING AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated.

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on August 13th, 2024 in Los Angeles, California.

Signature: [signature]

Print Name: Luke Houska

# NOTICE TO PAY RENT OR QUIT

To: LORD PHIBONACCII

and all other in possession of the premises located at:

8820 Sepulveda Eastway #139, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| Date Amount Became Due | Amount |
|---|---|
| August 1st, 2024 | $3,234.00 |
| September 1st, 2024 | $539.00 |
| September 6th, 2024 | $2,934.17 |

**Total Delinquent Rent: $6,707.17**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

Due to previous returned checks, payment must be submitted in the form of a Cashier's Check.

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 9/10/2024

By: Luke Houska
Agent for Landlord/Owner

**[For Landlord Use Only]**

**PROOF OF SERVICE**

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: LORD PHIBONACCII
and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #139, Los Angeles, CA 90045

Date of service: September 10th, 2024

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): ______________________________.

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ______________________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☒ **BY POSTING AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by ~~first class~~ mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated. CH

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on September 10th, 2024 in Los Angeles, California.

Signature: [signature]

Print Name: Luke Houska

# NOTICE TO PAY RENT OR QUIT

To: LORD PHIBONACCII

and all other in possession of the premises located at:

8820 Sepulveda Eastway #139, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| **Date Amount Became Due** | **Amount** |
|---|---|
| August 1st, 2024 | $3,234.00 |
| September 1st, 2024 | $3,473.17 |
| October 1st, 2024 | $3,521.00 |

**Total Delinquent Rent: $10,228.17**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

Due to previous returned checks, payment must be submitted in the form of a Cashier's Check.

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 10/22/2024

By: Luke Houska
Agent for Landlord/Owner

[For Landlord Use Only]

# PROOF OF SERVICE

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: LORD PHIBONACCII
and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #139, Los Angeles, CA 90045

Date of service: October 22nd, 2024 ________

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): ________________________________
________________________________.

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ________________________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☒ **BY POSTING AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by ~~first class~~ mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated. LH

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on October 22nd, 2024 in Los Angeles, California.

Signature: ________________________

Print Name: Luke Houska

# NOTICE TO PAY RENT OR QUIT

To: LORD PHIBONACCII
and all other in possession of the premises located at:

8820 Sepulveda Eastway #139, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| **Date Amount Became Due** | **Amount** |
|---|---|
| November 1st, 2024 | $3,521.00 |

**Total Delinquent Rent: $3,521.00**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

Due to previous returned checks, payment must be submitted in the form of a Cashier's Check.

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said

premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 11/12/2024

By: Luke Houska
Agent for Landlord/Owner

[For Landlord Use Only]

## PROOF OF SERVICE

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: LORD PHIBONACCII ,
and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #139, Los Angeles, CA 90045

Date of service: November 12th, 2024

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): ________________________________ ________________________________.

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ________________________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☒ **BY POSTING AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by certified mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated.

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on November 12th, 2024 in Los Angeles, California.

Signature: ____________________

Print Name: Luke Houska

LAHD
LOS ANGELES HOUSING DEPARTMENT
Rent and Code Compliance Bureau
1910 Sunset Blvd, Ste 300 Los Angeles, CA 90026
Tel: 866.557.7368
housing.lacity.org

Karen Bass, Mayor
Ann Sewill, General Manager

## DECLARATION RE: REQUEST TO VERIFY THE FILING OF AN EVICTION NOTICE WITH THE LOS ANGELES HOUSING DEPARTMENT

1. The Los Angeles Housing Department ("LAHD") maintains records of notices of termination of tenancy filed by a landlord as required by Los Angeles Municipal Code (LAMC) Sections 151.09.C.9 and 165.05.B.5 ("Eviction Notice/Notices"). These sections both state: "A copy of any written notice terminating a tenancy shall be filed with the Department within three business days of service on the tenant."
2. LAHD's Eviction Filing System stores a copy of the submitted Eviction Notice and directly records the date of submission if the Eviction Notice was submitted by the landlord online through LAHD's Eviction Filing System portal. If LAHD received a hard copy of the Eviction Notice by mail or personal delivery to an LAHD public counter, LAHD's third party vendor will scan the notice and LAHD will upload the Eviction Notice to the Eviction Filing System recording the received date as either the postmark date of the mail or the LAHD public counter date received stamp.
3. LAHD maintains Eviction Notices in the ordinary course of business and records and stores them at or near the time LAHD receives the Eviction Notice. Eviction Notices stored and maintained by LAHD are also public records. LAHD's Eviction Filing System generates a received date in the system when an Eviction Notice is submitted online. This received date is generated in the ordinary course of business on the date and the time the Eviction Notice is received and is maintained electronically by LAHD in its Eviction Filing System. Notices filed at the LAHD public counters have an LAHD stamp showing receipt date which is stored in the LAHD's Eviction Filing System as the received date. Notices received via mail have a postmark date which is stored in the LAHD's Eviction Filing System as the received date.
4. This declaration is in response to a party's request to LAHD to verify the filing of a copy of an Eviction Notice with LAHD. LAHD staff has reviewed the request. The

request asked LAHD to verify if LAHD had received an Eviction Notice with respect to the following property:

**LAHD RESPONSE DATE:** 4/22/2024 **APN:** 4123006028

**PROPERTY ADDRESS:** 8820 S SEPULVEDA #114, LOS ANGELES, CA, 90045

**SPECIFIC NOTICE(S) (IF REQUESTED):** ____________________

5. LAHD staff made a diligent search of the records maintained by the LAHD to determine whether LAHD has ever received a copy of any Eviction Notice related to the Property address set forth in paragraph 4, above. In response to this search, LAHD determined the following (see option checked below):

☑ LAHD **DOES** possess records showing an Eviction Notice(s) was filed with LAHD with respect to the above-referenced property. A copy of the Eviction Notice(s) found is attached. LAHD's records indicate that the Eviction Notice attached was received by LAHD by

☑ online submission to the Electronic Filing System,

☐ personal delivery to an LAHD public counter,

☐ by mail

On dates 05-12-2023.

☐ LAHD **DOES NOT** possess any Eviction Notices submitted electronically or sent via mail or delivered in person by the landlord or landlord's representative with respect to the above-referenced property.

6. LAHD has standard procedures for accepting and storing an Eviction Notice submitted by a landlord pursuant to Los Angeles Municipal Code Sections 151.09.C.9 and 165.05.B.5. These procedures are accurately summarized in the question-and-answer format below.

**(a) What is LAHD's procedure(s) for accepting and storing eviction notices submitted by landlords?**

LAHD receives Eviction Notices from landlords via personal delivery to LAHD public counters, by electronic (online) submission through LAHD's Eviction Filing System portal (www. https://lahd.service-now.com/efs), or via US Mail, FedEx or UPS. Online submissions through LAHD's Eviction Filing System portal are automatically processed and stored in LAHD's online tracking system database. Hard copy notices received in person at an LAHD public counter or via mail are scanned and uploaded to the electronic Eviction Filing System. It may take 1-2 weeks after receipt of the hard copy of the notice for it to be uploaded to LAHD's Eviction Filing System.

(b) **What does LAHD deem to be the received date of a submitted eviction notice?**

The received date is either **(1)** the date the landlord uploads a copy of the notice to the LAHD Eviction Filing System if submitting online, **(2)** the date a hard copy of the notice is personally delivered to LAHD at an LAHD public counter, or **(3)** the postmark date if a hard copy of the Eviction Notice is mailed to LAHD. If there is no postmark date, then LAHD looks to the date the mail was physically received.

(c) **What are LAHD's procedures for searching for Eviction Notices that have been received by LAHD?**

In response to a request to search for and verify whether an Eviction Notice for a specified property was ever received by LAHD, LAHD staff searches its online Eviction Filing System database by unit number, address, tenant name and Assessor's Parcel Number (APN) using search mechanisms programmed into the system. If an Eviction Notice is found, an LAHD staff member reviews the Eviction Notice stored in the system, and confirms the date of submission recorded in the system. Hard copy notices that are mailed or delivered in person to an LAHD public counter are not searched until after they are uploaded to the LAHD Eviction Filing System.

# NOTICE TO PAY RENT OR QUIT (CARES)

TO: **Cynthia Rangelyepiz** and all others in possession of the premises: **8820 Sepulveda Eastway #114 Los Angeles, CA. 90045**

**PLEASE TAKE NOTICE that you are hereby required to do one of the following:**

**(1) WITHIN THREE (3) DAYS, excluding Saturdays Sundays and judicial holidays, after the service on you of this notice, pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

**$3,590.00 FROM 05/01/2023 THROUGH 05/31/2023**

Payment must be made payable to **LA APT 1 LLC** and delivered as follows (*check all that apply*):

- [X] By mail to: 8820 Sepulveda Eastway Attn: Leasing Office Los Angeles, CA. 90045
- [X] By delivering in person to: Vanessa Morell or any available personnel at 8820 Sepulveda Eastway Los Angeles, CA. 90045 between the hours of 9am-6pm on the following days of the week Monday – Saturday. Said employee may be reached by telephone at 323.556.9696
- [X] To the 24-hour drop box located at the on-site rental office
- [ ] By electronic funds transfer procedure previously established

**(2) Or WITHIN THIRTY (30) DAYS deliver up possession of the premises described herein to the undersigned.**

The premises herein referred to is located at **8820 Sepulveda Eastway Los Angeles, CA.90045.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law, and possible additional statutory damages of up to SIX HUNDRED DOLLARS ($600.00) in accordance with California Code of Civil Procedure Section 1174(b).

This notice further complies with the Coronavirus Aid, Relief and Economic Security (CARES) Act by providing you thirty (30) calendar days to vacate and surrender possession as stated above.

Date: 05/11/2023

By: Eastway/LA APT 1, LLC

Authorized Agent: ____________

LAHD
LOS ANGELES HOUSING DEPARTMENT
Rent and Code Compliance Bureau
1910 Sunset Blvd, Ste 300 Los Angeles, CA 90026
Tel: 866.557.7368
housing.lacity.org

Karen Bass, Mayor
Ann Sewill, General Manager

## DECLARATION RE: REQUEST TO VERIFY THE FILING OF AN EVICTION NOTICE WITH THE LOS ANGELES HOUSING DEPARTMENT

1. The Los Angeles Housing Department ("LAHD") maintains records of notices of termination of tenancy filed by a landlord as required by Los Angeles Municipal Code (LAMC) Sections 151.09.C.9 and 165.05.B.5 ("Eviction Notice/Notices"). These sections both state: "A copy of any written notice terminating a tenancy shall be filed with the Department within three business days of service on the tenant."
2. LAHD's Eviction Filing System stores a copy of the submitted Eviction Notice and directly records the date of submission if the Eviction Notice was submitted by the landlord online through LAHD's Eviction Filing System portal. If LAHD received a hard copy of the Eviction Notice by mail or personal delivery to an LAHD public counter, LAHD's third party vendor will scan the notice and LAHD will upload the Eviction Notice to the Eviction Filing System recording the received date as either the postmark date of the mail or the LAHD public counter date received stamp.
3. LAHD maintains Eviction Notices in the ordinary course of business and records and stores them at or near the time LAHD receives the Eviction Notice. Eviction Notices stored and maintained by LAHD are also public records. LAHD's Eviction Filing System generates a received date in the system when an Eviction Notice is submitted online. This received date is generated in the ordinary course of business on the date and the time the Eviction Notice is received and is maintained electronically by LAHD in its Eviction Filing System. Notices filed at the LAHD public counters have an LAHD stamp showing receipt date which is stored in the LAHD's Eviction Filing System as the received date. Notices received via mail have a postmark date which is stored in the LAHD's Eviction Filing System as the received date.
4. This declaration is in response to a party's request to LAHD to verify the filing of a copy of an Eviction Notice with LAHD. LAHD staff has reviewed the request. The

request asked LAHD to verify if LAHD had received an Eviction Notice with respect to the following property:

**LAHD RESPONSE DATE:** 4/22/2024 **APN:** 4123006025

**PROPERTY ADDRESS:** 8820 S SEPULVEDA #114, LOS ANGELES, CA, 90045

**SPECIFIC NOTICE(S) (IF REQUESTED):** ______________________

______________________

5. LAHD staff made a diligent search of the records maintained by the LAHD to determine whether LAHD has ever received a copy of any Eviction Notice related to the Property address set forth in paragraph 4, above. In response to this search, LAHD determined the following (see option checked below):

☑ LAHD **DOES** possess records showing an Eviction Notice(s) was filed with LAHD with respect to the above-referenced property. A copy of the Eviction Notice(s) found is attached. LAHD's records indicate that the Eviction Notice attached was received by LAHD by

☑ online submission to the Electronic Filing System,

☐ personal delivery to an LAHD public counter,

☐ by mail

On dates 11-15-2023.

☐ LAHD **DOES NOT** possess any Eviction Notices submitted electronically or sent via mail or delivered in person by the landlord or landlord's representative with respect to the above-referenced property.

6. LAHD has standard procedures for accepting and storing an Eviction Notice submitted by a landlord pursuant to Los Angeles Municipal Code Sections 151.09.C.9 and 165.05.B.5. These procedures are accurately summarized in the question-and-answer format below.

**(a) What is LAHD's procedure(s) for accepting and storing eviction notices submitted by landlords?**

LAHD receives Eviction Notices from landlords via personal delivery to LAHD public counters, by electronic (online) submission through LAHD's Eviction Filing System portal (www. https://lahd.service-now.com/efs), or via US Mail, FedEx or UPS. Online submissions through LAHD's Eviction Filing System portal are automatically processed and stored in LAHD's online tracking system database. Hard copy notices received in person at an LAHD public counter or via mail are scanned and uploaded to the electronic Eviction Filing System. It may take 1-2 weeks after receipt of the hard copy of the notice for it to be uploaded to LAHD's Eviction Filing System.

(b) **What does LAHD deem to be the received date of a submitted eviction notice?**

The received date is either **(1)** the date the landlord uploads a copy of the notice to the LAHD Eviction Filing System if submitting online, **(2)** the date a hard copy of the notice is personally delivered to LAHD at an LAHD public counter, or **(3)** the postmark date if a hard copy of the Eviction Notice is mailed to LAHD. If there is no postmark date, then LAHD looks to the date the mail was physically received.

(c) **What are LAHD's procedures for searching for Eviction Notices that have been received by LAHD?**

In response to a request to search for and verify whether an Eviction Notice for a specified property was ever received by LAHD, LAHD staff searches its online Eviction Filing System database by unit number, address, tenant name and Assessor's Parcel Number (APN) using search mechanisms programmed into the system. If an Eviction Notice is found, an LAHD staff member reviews the Eviction Notice stored in the system, and confirms the date of submission recorded in the system. Hard copy notices that are mailed or delivered in person to an LAHD public counter are not searched until after they are uploaded to the LAHD Eviction Filing System.

# NOTICE TO PAY RENT OR QUIT

To: CYNTHIA RANGELYEPIZ, LORD PHIBONACCII,

and all other in possession of the premises located at:

8820 Sepulveda Eastway #114, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| Date Amount Became Due | Amount |
|---|---|
| May 1st, 2023 | $0.00 |
| June 1st, 2023 | $0.00 |
| July 1st, 2023 | $0.00 |
| August 1st, 2023 | $0.00 |
| September 1st, 2023 | $0.00 |
| October 1st, 2023 | $0.00 |
| November 1st, 2023 | $2,393.33 |

**Total Delinquent Rent: $2,393.66**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| X | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 11/14/2023

By: Luke Houska
Agent for Landlord/Owner

**[For Landlord Use Only]**

## PROOF OF SERVICE

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: CYNTHIA RANGELYEPIZ, LORD PHIBONACCII, and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #114, Los Angeles, CA 90045

Date of service: November 14th, 2023

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): ______________________________ ______________________________.

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ______________________________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☐ **BY POSTING AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated.

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on November 14th, 2023 in Los Angeles, California.

Signature: [signature]

Print Name: Luke Houska

LAHD
LOS ANGELES HOUSING DEPARTMENT
Rent and Code Compliance Bureau
1910 Sunset Blvd, Ste 300 Los Angeles, CA 90026
Tel: 866.557.7368
housing.lacity.org

Karen Bass, Mayor
Ann Sewill, General Manager

## DECLARATION RE: REQUEST TO VERIFY THE FILING OF AN EVICTION NOTICE WITH THE LOS ANGELES HOUSING DEPARTMENT

1. The Los Angeles Housing Department ("LAHD") maintains records of notices of termination of tenancy filed by a landlord as required by Los Angeles Municipal Code (LAMC) Sections 151.09.C.9 and 165.05.B.5 ("Eviction Notice/Notices"). These sections both state: "A copy of any written notice terminating a tenancy shall be filed with the Department within three business days of service on the tenant."
2. LAHD's Eviction Filing System stores a copy of the submitted Eviction Notice and directly records the date of submission if the Eviction Notice was submitted by the landlord online through LAHD's Eviction Filing System portal. If LAHD received a hard copy of the Eviction Notice by mail or personal delivery to an LAHD public counter, LAHD's third party vendor will scan the notice and LAHD will upload the Eviction Notice to the Eviction Filing System recording the received date as either the postmark date of the mail or the LAHD public counter date received stamp.
3. LAHD maintains Eviction Notices in the ordinary course of business and records and stores them at or near the time LAHD receives the Eviction Notice. Eviction Notices stored and maintained by LAHD are also public records. LAHD's Eviction Filing System generates a received date in the system when an Eviction Notice is submitted online. This received date is generated in the ordinary course of business on the date and the time the Eviction Notice is received and is maintained electronically by LAHD in its Eviction Filing System. Notices filed at the LAHD public counters have an LAHD stamp showing receipt date which is stored in the LAHD's Eviction Filing System as the received date. Notices received via mail have a postmark date which is stored in the LAHD's Eviction Filing System as the received date.
4. This declaration is in response to a party's request to LAHD to verify the filing of a copy of an Eviction Notice with LAHD. LAHD staff has reviewed the request. The

request asked LAHD to verify if LAHD had received an Eviction Notice with respect to the following property:

**LAHD RESPONSE DATE:** 4/22/2024 **APN:** 4123006028

**PROPERTY ADDRESS:** 8820 S SEPULVEDA #114, LOS ANGELES, CA, 90045

**SPECIFIC NOTICE(S) (IF REQUESTED):** ______________________

______________________

5. LAHD staff made a diligent search of the records maintained by the LAHD to determine whether LAHD has ever received a copy of any Eviction Notice related to the Property address set forth in paragraph 4, above. In response to this search, LAHD determined the following (see option checked below):

☑ LAHD **DOES** possess records showing an Eviction Notice(s) was filed with LAHD with respect to the above-referenced property. A copy of the Eviction Notice(s) found is attached. LAHD's records indicate that the Eviction Notice attached was received by LAHD by

☑ online submission to the Electronic Filing System,

☐ personal delivery to an LAHD public counter,

☐ by mail

On dates 04-15-2024.

☐ LAHD **DOES NOT** possess any Eviction Notices submitted electronically or sent via mail or delivered in person by the landlord or landlord's representative with respect to the above-referenced property.

6. LAHD has standard procedures for accepting and storing an Eviction Notice submitted by a landlord pursuant to Los Angeles Municipal Code Sections 151.09.C.9 and 165.05.B.5. These procedures are accurately summarized in the question-and-answer format below.

**(a) What is LAHD's procedure(s) for accepting and storing eviction notices submitted by landlords?**

LAHD receives Eviction Notices from landlords via personal delivery to LAHD public counters, by electronic (online) submission through LAHD's Eviction Filing System portal (www. https://lahd.service-now.com/efs), or via US Mail, FedEx or UPS. Online submissions through LAHD's Eviction Filing System portal are automatically processed and stored in LAHD's online tracking system database. Hard copy notices received in person at an LAHD public counter or via mail are scanned and uploaded to the electronic Eviction Filing System. It may take 1-2 weeks after receipt of the hard copy of the notice for it to be uploaded to LAHD's Eviction Filing System.

(b) **What does LAHD deem to be the received date of a submitted eviction notice?**

The received date is either **(1)** the date the landlord uploads a copy of the notice to the LAHD Eviction Filing System if submitting online, **(2)** the date a hard copy of the notice is personally delivered to LAHD at an LAHD public counter, or **(3)** the postmark date if a hard copy of the Eviction Notice is mailed to LAHD. If there is no postmark date, then LAHD looks to the date the mail was physically received.

(c) **What are LAHD's procedures for searching for Eviction Notices that have been received by LAHD?**

In response to a request to search for and verify whether an Eviction Notice for a specified property was ever received by LAHD, LAHD staff searches its online Eviction Filing System database by unit number, address, tenant name and Assessor's Parcel Number (APN) using search mechanisms programmed into the system. If an Eviction Notice is found, an LAHD staff member reviews the Eviction Notice stored in the system, and confirms the date of submission recorded in the system. Hard copy notices that are mailed or delivered in person to an LAHD public counter are not searched until after they are uploaded to the LAHD Eviction Filing System.

# NOTICE TO PAY RENT OR QUIT

To: CYNTHIA RANGELYEPIZ, LORD PHIBONACCII
and all other in possession of the premises located at:

8820 Sepulveda Eastway #114, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| Date Amount Became Due | Amount |
|---|---|
| March 1st, 2024 | $587.03 |
| April 1st, 2024 | $3,769.00 |

**Total Delinquent Rent: $4,356.03**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| X | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said

premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 4/10/2024

By: Luke Houska
Agent for Landlord/Owner

[For Landlord Use Only]

# PROOF OF SERVICE

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: CYNTHIA RANGELYEPIZ, LORD PHIBONACCII
and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #114, Los Angeles, CA 90045

Date of service: April 10th, 2024

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): ______________________________.

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ______________________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☑ **BY POSTING AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated.

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on April 10th, 2024 in Los Angeles, California.

Signature: [signature]

Print Name: Luke Houska

LAHD
LOS ANGELES HOUSING DEPARTMENT
Rent and Code Compliance Bureau
1910 Sunset Blvd, Ste 300 Los Angeles, CA 90026
Tel: 866.557.7368
housing.lacity.org

Karen Bass, Mayor
Ann Sewill, General Manager

## DECLARATION RE: REQUEST TO VERIFY THE FILING OF AN EVICTION NOTICE WITH THE LOS ANGELES HOUSING DEPARTMENT

1. The Los Angeles Housing Department ("LAHD") maintains records of notices of termination of tenancy filed by a landlord as required by Los Angeles Municipal Code (LAMC) Sections 151.09.C.9 and 165.05.B.5 ("Eviction Notice/Notices"). These sections both state: "A copy of any written notice terminating a tenancy shall be filed with the Department within three business days of service on the tenant."
2. LAHD's Eviction Filing System stores a copy of the submitted Eviction Notice and directly records the date of submission if the Eviction Notice was submitted by the landlord online through LAHD's Eviction Filing System portal. If LAHD received a hard copy of the Eviction Notice by mail or personal delivery to an LAHD public counter, LAHD's third party vendor will scan the notice and LAHD will upload the Eviction Notice to the Eviction Filing System recording the received date as either the postmark date of the mail or the LAHD public counter date received stamp.
3. LAHD maintains Eviction Notices in the ordinary course of business and records and stores them at or near the time LAHD receives the Eviction Notice. Eviction Notices stored and maintained by LAHD are also public records. LAHD's Eviction Filing System generates a received date in the system when an Eviction Notice is submitted online. This received date is generated in the ordinary course of business on the date and the time the Eviction Notice is received and is maintained electronically by LAHD in its Eviction Filing System. Notices filed at the LAHD public counters have an LAHD stamp showing receipt date which is stored in the LAHD's Eviction Filing System as the received date. Notices received via mail have a postmark date which is stored in the LAHD's Eviction Filing System as the received date.
4. This declaration is in response to a party's request to LAHD to verify the filing of a copy of an Eviction Notice with LAHD. LAHD staff has reviewed the request. The

request asked LAHD to verify if LAHD had received an Eviction Notice with respect to the following property:

**LAHD RESPONSE DATE:** 4/22/2024 **APN:** 4123006028
**PROPERTY ADDRESS:** 8820 S SEPULVEDA #114, LOS ANGELES, CA, 90045
**SPECIFIC NOTICE(S) (IF REQUESTED):** ____________________

____________________

5. LAHD staff made a diligent search of the records maintained by the LAHD to determine whether LAHD has ever received a copy of any Eviction Notice related to the Property address set forth in paragraph 4, above. In response to this search, LAHD determined the following (see option checked below):

☑ LAHD **DOES** possess records showing an Eviction Notice(s) was filed with LAHD with respect to the above-referenced property. A copy of the Eviction Notice(s) found is attached. LAHD's records indicate that the Eviction Notice attached was received by LAHD by

☑ online submission to the Electronic Filing System,

☐ personal delivery to an LAHD public counter,

☐ by mail

On dates 05-13-2024.

☐ LAHD **DOES NOT** possess any Eviction Notices submitted electronically or sent via mail or delivered in person by the landlord or landlord's representative with respect to the above-referenced property.

6. LAHD has standard procedures for accepting and storing an Eviction Notice submitted by a landlord pursuant to Los Angeles Municipal Code Sections 151.09.C.9 and 165.05.B.5. These procedures are accurately summarized in the question-and-answer format below.

**(a) What is LAHD's procedure(s) for accepting and storing eviction notices submitted by landlords?**

LAHD receives Eviction Notices from landlords via personal delivery to LAHD public counters, by electronic (online) submission through LAHD's Eviction Filing System portal (www. https://lahd.service-now.com/efs), or via US Mail, FedEx or UPS. Online submissions through LAHD's Eviction Filing System portal are automatically processed and stored in LAHD's online tracking system database. Hard copy notices received in person at an LAHD public counter or via mail are scanned and uploaded to the electronic Eviction Filing System. It may take 1-2 weeks after receipt of the hard copy of the notice for it to be uploaded to LAHD's Eviction Filing System.

(b) **What does LAHD deem to be the received date of a submitted eviction notice?**

The received date is either **(1)** the date the landlord uploads a copy of the notice to the LAHD Eviction Filing System if submitting online, **(2)** the date a hard copy of the notice is personally delivered to LAHD at an LAHD public counter, or **(3)** the postmark date if a hard copy of the Eviction Notice is mailed to LAHD. If there is no postmark date, then LAHD looks to the date the mail was physically received.

(c) **What are LAHD's procedures for searching for Eviction Notices that have been received by LAHD?**

In response to a request to search for and verify whether an Eviction Notice for a specified property was ever received by LAHD, LAHD staff searches its online Eviction Filing System database by unit number, address, tenant name and Assessor's Parcel Number (APN) using search mechanisms programmed into the system. If an Eviction Notice is found, an LAHD staff member reviews the Eviction Notice stored in the system, and confirms the date of submission recorded in the system. Hard copy notices that are mailed or delivered in person to an LAHD public counter are not searched until after they are uploaded to the LAHD Eviction Filing System.

# NOTICE TO PAY RENT OR QUIT

To: CYNTHIA RANGELYEPIZ, LORD PHIBONACCII
and all other in possession of the premises located at:

8820 Sepulveda Eastway #114, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| Date Amount Became Due | Amount |
|---|---|
| May 1st, 2024 | $3,769.00 |

**Total Delinquent Rent: $3,769.00**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

Due to previous returned checks, payment must be submitted in the form of a Cashier's Check.

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said

premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 5/13/2024

By: Luke Houska
Agent for Landlord/Owner

**[For Landlord Use Only]**

# PROOF OF SERVICE

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: CYNTHIA RANGELYEPIZ, LORD PHIBONACCII
and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #114, Los Angeles, CA 90045

Date of service: May 13th, 2024

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): ______________________________ ______________________________.

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ______________________________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☒ **BY POSTING AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated.

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on May 13th, 2024 in Los Angeles, California.

Signature: [signature]

Print Name: Luke Houska

LAHD
LOS ANGELES HOUSING DEPARTMENT
Rent and Code Compliance Bureau
1910 Sunset Blvd, Ste 300 Los Angeles, CA 90026
Tel: 866.557.7368
housing.lacity.org

Karen Bass, Mayor
Ann Sewill, General Manager

## DECLARATION RE: REQUEST TO VERIFY THE FILING OF AN EVICTION NOTICE WITH THE LOS ANGELES HOUSING DEPARTMENT

1. The Los Angeles Housing Department ("LAHD") maintains records of notices of termination of tenancy filed by a landlord as required by Los Angeles Municipal Code (LAMC) Sections 151.09.C.9 and 165.05.B.5 ("Eviction Notice/Notices"). These sections both state: "A copy of any written notice terminating a tenancy shall be filed with the Department within three business days of service on the tenant."
2. LAHD's Eviction Filing System stores a copy of the submitted Eviction Notice and directly records the date of submission if the Eviction Notice was submitted by the landlord online through LAHD's Eviction Filing System portal. If LAHD received a hard copy of the Eviction Notice by mail or personal delivery to an LAHD public counter, LAHD's third party vendor will scan the notice and LAHD will upload the Eviction Notice to the Eviction Filing System recording the received date as either the postmark date of the mail or the LAHD public counter date received stamp.
3. LAHD maintains Eviction Notices in the ordinary course of business and records and stores them at or near the time LAHD receives the Eviction Notice. Eviction Notices stored and maintained by LAHD are also public records. LAHD's Eviction Filing System generates a received date in the system when an Eviction Notice is submitted online. This received date is generated in the ordinary course of business on the date and the time the Eviction Notice is received and is maintained electronically by LAHD in its Eviction Filing System. Notices filed at the LAHD public counters have an LAHD stamp showing receipt date which is stored in the LAHD's Eviction Filing System as the received date. Notices received via mail have a postmark date which is stored in the LAHD's Eviction Filing System as the received date.
4. This declaration is in response to a party's request to LAHD to verify the filing of a copy of an Eviction Notice with LAHD. LAHD staff has reviewed the request. The

request asked LAHD to verify if LAHD had received an Eviction Notice with respect to the following property:

**LAHD RESPONSE DATE:** 4/22/2024 **APN:** 4123006028

**PROPERTY ADDRESS:** 8820 S SEPULVEDA #114, LOS ANGELES, CA, 90045

**SPECIFIC NOTICE(S) (IF REQUESTED):** ______________________

5. LAHD staff made a diligent search of the records maintained by the LAHD to determine whether LAHD has ever received a copy of any Eviction Notice related to the Property address set forth in paragraph 4, above. In response to this search, LAHD determined the following (see option checked below):

   ☑ LAHD **DOES** possess records showing an Eviction Notice(s) was filed with LAHD with respect to the above-referenced property. A copy of the Eviction Notice(s) found is attached. LAHD's records indicate that the Eviction Notice attached was received by LAHD by

   - ☑ online submission to the Electronic Filing System,
   - ☐ personal delivery to an LAHD public counter,
   - ☐ by mail

   On dates 06-12-2024.

   ☐ LAHD **DOES NOT** possess any Eviction Notices submitted electronically or sent via mail or delivered in person by the landlord or landlord's representative with respect to the above-referenced property.

6. LAHD has standard procedures for accepting and storing an Eviction Notice submitted by a landlord pursuant to Los Angeles Municipal Code Sections 151.09.C.9 and 165.05.B.5. These procedures are accurately summarized in the question-and-answer format below.

(a) **What is LAHD's procedure(s) for accepting and storing eviction notices submitted by landlords?**

LAHD receives Eviction Notices from landlords via personal delivery to LAHD public counters, by electronic (online) submission through LAHD's Eviction Filing System portal (www. https://lahd.service-now.com/efs), or via US Mail, FedEx or UPS. Online submissions through LAHD's Eviction Filing System portal are automatically processed and stored in LAHD's online tracking system database. Hard copy notices received in person at an LAHD public counter or via mail are scanned and uploaded to the electronic Eviction Filing System. It may take 1-2 weeks after receipt of the hard copy of the notice for it to be uploaded to LAHD's Eviction Filing System.

(b) **What does LAHD deem to be the received date of a submitted eviction notice?**

The received date is either **(1)** the date the landlord uploads a copy of the notice to the LAHD Eviction Filing System if submitting online, **(2)** the date a hard copy of the notice is personally delivered to LAHD at an LAHD public counter, or **(3)** the postmark date if a hard copy of the Eviction Notice is mailed to LAHD. If there is no postmark date, then LAHD looks to the date the mail was physically received.

(c) **What are LAHD's procedures for searching for Eviction Notices that have been received by LAHD?**

In response to a request to search for and verify whether an Eviction Notice for a specified property was ever received by LAHD, LAHD staff searches its online Eviction Filing System database by unit number, address, tenant name and Assessor's Parcel Number (APN) using search mechanisms programmed into the system. If an Eviction Notice is found, an LAHD staff member reviews the Eviction Notice stored in the system, and confirms the date of submission recorded in the system. Hard copy notices that are mailed or delivered in person to an LAHD public counter are not searched until after they are uploaded to the LAHD Eviction Filing System.

# NOTICE TO PAY RENT OR QUIT

To: CYNTHIA RANGELYEPIZ, LORD PHIBONACCII
and all other in possession of the premises located at:

8820 Sepulveda Eastway #114, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| Date Amount Became Due | Amount |
|---|---|
| June 1st, 2024 | $3,769.00 |

**Total Delinquent Rent: $3,769.00**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

Due to previous returned checks, payment must be submitted in the form of a Cashier's Check.

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said

premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 6/12/2024

By: Luke Houska
Agent for Landlord/Owner

[For Landlord Use Only]

# PROOF OF SERVICE

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: CYNTHIA RANGELYEPIZ, LORD PHIBONACCII
and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #114, Los Angeles, CA 90045

Date of service: June 12th, 2024

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): ______________________________.

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ______________________________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☒ **BY POSTING AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by ~~first class~~ mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated.

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on June 12th, 2024 in Los Angeles, California.

Signature: ______________________

Print Name: Luke Houska

LAHD
LOS ANGELES HOUSING DEPARTMENT
Rent and Code Compliance Bureau
1910 Sunset Blvd, Ste 300 Los Angeles, CA 90026
Tel: 866.557.7368
housing.lacity.org

Karen Bass, Mayor
Ann Sewill, General Manager

# DECLARATION RE: REQUEST TO VERIFY THE FILING OF AN EVICTION NOTICE WITH THE LOS ANGELES HOUSING DEPARTMENT

1. The Los Angeles Housing Department ("LAHD") maintains records of notices of termination of tenancy filed by a landlord as required by Los Angeles Municipal Code (LAMC) Sections 151.09.C.9 and 165.05.B.5 ("Eviction Notice/Notices"). These sections both state: "A copy of any written notice terminating a tenancy shall be filed with the Department within three business days of service on the tenant."
2. LAHD's Eviction Filing System stores a copy of the submitted Eviction Notice and directly records the date of submission if the Eviction Notice was submitted by the landlord online through LAHD's Eviction Filing System portal. If LAHD received a hard copy of the Eviction Notice by mail or personal delivery to an LAHD public counter, LAHD's third party vendor will scan the notice and LAHD will upload the Eviction Notice to the Eviction Filing System recording the received date as either the postmark date of the mail or the LAHD public counter date received stamp.
3. LAHD maintains Eviction Notices in the ordinary course of business and records and stores them at or near the time LAHD receives the Eviction Notice. Eviction Notices stored and maintained by LAHD are also public records. LAHD's Eviction Filing System generates a received date in the system when an Eviction Notice is submitted online. This received date is generated in the ordinary course of business on the date and the time the Eviction Notice is received and is maintained electronically by LAHD in its Eviction Filing System. Notices filed at the LAHD public counters have an LAHD stamp showing receipt date which is stored in the LAHD's Eviction Filing System as the received date. Notices received via mail have a postmark date which is stored in the LAHD's Eviction Filing System as the received date.
4. This declaration is in response to a party's request to LAHD to verify the filing of a copy of an Eviction Notice with LAHD. LAHD staff has reviewed the request. The

request asked LAHD to verify if LAHD had received an Eviction Notice with respect to the following property:

**LAHD RESPONSE DATE:** 4/22/2024 **APN:** 4123006028

**PROPERTY ADDRESS:** 8820 S SEPULVEDA #114, LOS ANGELES, CA, 90045

**SPECIFIC NOTICE(S) (IF REQUESTED):** ______________________________

______________________________

5. LAHD staff made a diligent search of the records maintained by the LAHD to determine whether LAHD has ever received a copy of any Eviction Notice related to the Property address set forth in paragraph 4, above. In response to this search, LAHD determined the following (see option checked below):

   ☑ LAHD **DOES** possess records showing an Eviction Notice(s) was filed with LAHD with respect to the above-referenced property. A copy of the Eviction Notice(s) found is attached. LAHD's records indicate that the Eviction Notice attached was received by LAHD by

   - ☑ online submission to the Electronic Filing System,
   - ☐ personal delivery to an LAHD public counter,
   - ☐ by mail

   On dates 08-14-2024.

   ☐ LAHD **DOES NOT** possess any Eviction Notices submitted electronically or sent via mail or delivered in person by the landlord or landlord's representative with respect to the above-referenced property.

6. LAHD has standard procedures for accepting and storing an Eviction Notice submitted by a landlord pursuant to Los Angeles Municipal Code Sections 151.09.C.9 and 165.05.B.5. These procedures are accurately summarized in the question-and-answer format below.

**(a) What is LAHD's procedure(s) for accepting and storing eviction notices submitted by landlords?**

LAHD receives Eviction Notices from landlords via personal delivery to LAHD public counters, by electronic (online) submission through LAHD's Eviction Filing System portal (www. https://lahd.service-now.com/efs), or via US Mail, FedEx or UPS. Online submissions through LAHD's Eviction Filing System portal are automatically processed and stored in LAHD's online tracking system database. Hard copy notices received in person at an LAHD public counter or via mail are scanned and uploaded to the electronic Eviction Filing System. It may take 1-2 weeks after receipt of the hard copy of the notice for it to be uploaded to LAHD's Eviction Filing System.

(b) **What does LAHD deem to be the received date of a submitted eviction notice?**

The received date is either **(1)** the date the landlord uploads a copy of the notice to the LAHD Eviction Filing System if submitting online, **(2)** the date a hard copy of the notice is personally delivered to LAHD at an LAHD public counter, or **(3)** the postmark date if a hard copy of the Eviction Notice is mailed to LAHD. If there is no postmark date, then LAHD looks to the date the mail was physically received.

(c) **What are LAHD's procedures for searching for Eviction Notices that have been received by LAHD?**

In response to a request to search for and verify whether an Eviction Notice for a specified property was ever received by LAHD, LAHD staff searches its online Eviction Filing System database by unit number, address, tenant name and Assessor's Parcel Number (APN) using search mechanisms programmed into the system. If an Eviction Notice is found, an LAHD staff member reviews the Eviction Notice stored in the system, and confirms the date of submission recorded in the system. Hard copy notices that are mailed or delivered in person to an LAHD public counter are not searched until after they are uploaded to the LAHD Eviction Filing System.

# NOTICE TO PAY RENT OR QUIT

To: CYNTHIA RANGELYEPIZ, LORD PHIBONACCII
and all other in possession of the premises located at:

8820 Sepulveda Eastway #114, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| **Date Amount Became Due** | **Amount** |
|---|---|
| August 1st, 2024 | $3,769.00 |

**Total Delinquent Rent: $3,769.00**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

Due to previous returned checks, payment must be submitted in the form of a Cashier's Check.

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said

premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 8/13/2024

By: Luke Houska
Agent for Landlord/Owner

**[For Landlord Use Only]**

# PROOF OF SERVICE

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: CYNTHIA RANGELYEPIZ, LORD PHIBONACCII
and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #114, Los Angeles, CA 90045

Date of service: August 13th, 2024

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): ______________________________________________.

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ______________________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☒ **BY POSTING AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated.

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on August 13th, 2024 in Los Angeles, California.

Signature: ______________________________

Print Name: Luke Houska

LAHD
LOS ANGELES HOUSING DEPARTMENT
Rent and Code Compliance Bureau
1910 Sunset Blvd, Ste 300 Los Angeles, CA 90026
Tel: 866.557.7368
housing.lacity.org

Karen Bass, Mayor
Ann Sewill, General Manager

## DECLARATION RE: REQUEST TO VERIFY THE FILING OF AN EVICTION NOTICE WITH THE LOS ANGELES HOUSING DEPARTMENT

1. The Los Angeles Housing Department ("LAHD") maintains records of notices of termination of tenancy filed by a landlord as required by Los Angeles Municipal Code (LAMC) Sections 151.09.C.9 and 165.05.B.5 ("Eviction Notice/Notices"). These sections both state: "A copy of any written notice terminating a tenancy shall be filed with the Department within three business days of service on the tenant."
2. LAHD's Eviction Filing System stores a copy of the submitted Eviction Notice and directly records the date of submission if the Eviction Notice was submitted by the landlord online through LAHD's Eviction Filing System portal. If LAHD received a hard copy of the Eviction Notice by mail or personal delivery to an LAHD public counter, LAHD's third party vendor will scan the notice and LAHD will upload the Eviction Notice to the Eviction Filing System recording the received date as either the postmark date of the mail or the LAHD public counter date received stamp.
3. LAHD maintains Eviction Notices in the ordinary course of business and records and stores them at or near the time LAHD receives the Eviction Notice. Eviction Notices stored and maintained by LAHD are also public records. LAHD's Eviction Filing System generates a received date in the system when an Eviction Notice is submitted online. This received date is generated in the ordinary course of business on the date and the time the Eviction Notice is received and is maintained electronically by LAHD in its Eviction Filing System. Notices filed at the LAHD public counters have an LAHD stamp showing receipt date which is stored in the LAHD's Eviction Filing System as the received date. Notices received via mail have a postmark date which is stored in the LAHD's Eviction Filing System as the received date.
4. This declaration is in response to a party's request to LAHD to verify the filing of a copy of an Eviction Notice with LAHD. LAHD staff has reviewed the request. The

request asked LAHD to verify if LAHD had received an Eviction Notice with respect to the following property:

**LAHD RESPONSE DATE:** 4/22/2024 **APN:** 4123006028
**PROPERTY ADDRESS:** 8820 S SEPULVEDA #114, LOS ANGELES, CA, 90045
**SPECIFIC NOTICE(S) (IF REQUESTED):** ______________________

______________________

5. LAHD staff made a diligent search of the records maintained by the LAHD to determine whether LAHD has ever received a copy of any Eviction Notice related to the Property address set forth in paragraph 4, above. In response to this search, LAHD determined the following (see option checked below):

☑ LAHD **DOES** possess records showing an Eviction Notice(s) was filed with LAHD with respect to the above-referenced property. A copy of the Eviction Notice(s) found is attached. LAHD's records indicate that the Eviction Notice attached was received by LAHD by

☑ online submission to the Electronic Filing System,

☐ personal delivery to an LAHD public counter,

☐ by mail

On dates 09-13-2024.

☐ LAHD **DOES NOT** possess any Eviction Notices submitted electronically or sent via mail or delivered in person by the landlord or landlord's representative with respect to the above-referenced property.

6. LAHD has standard procedures for accepting and storing an Eviction Notice submitted by a landlord pursuant to Los Angeles Municipal Code Sections 151.09.C.9 and 165.05.B.5. These procedures are accurately summarized in the question-and-answer format below.

**(a) What is LAHD's procedure(s) for accepting and storing eviction notices submitted by landlords?**

LAHD receives Eviction Notices from landlords via personal delivery to LAHD public counters, by electronic (online) submission through LAHD's Eviction Filing System portal (www. https://lahd.service-now.com/efs), or via US Mail, FedEx or UPS. Online submissions through LAHD's Eviction Filing System portal are automatically processed and stored in LAHD's online tracking system database. Hard copy notices received in person at an LAHD public counter or via mail are scanned and uploaded to the electronic Eviction Filing System. It may take 1-2 weeks after receipt of the hard copy of the notice for it to be uploaded to LAHD's Eviction Filing System.

(b) **What does LAHD deem to be the received date of a submitted eviction notice?**

The received date is either **(1)** the date the landlord uploads a copy of the notice to the LAHD Eviction Filing System if submitting online, **(2)** the date a hard copy of the notice is personally delivered to LAHD at an LAHD public counter, or **(3)** the postmark date if a hard copy of the Eviction Notice is mailed to LAHD. If there is no postmark date, then LAHD looks to the date the mail was physically received.

(c) **What are LAHD's procedures for searching for Eviction Notices that have been received by LAHD?**

In response to a request to search for and verify whether an Eviction Notice for a specified property was ever received by LAHD, LAHD staff searches its online Eviction Filing System database by unit number, address, tenant name and Assessor's Parcel Number (APN) using search mechanisms programmed into the system. If an Eviction Notice is found, an LAHD staff member reviews the Eviction Notice stored in the system, and confirms the date of submission recorded in the system. Hard copy notices that are mailed or delivered in person to an LAHD public counter are not searched until after they are uploaded to the LAHD Eviction Filing System.

# NOTICE TO PAY RENT OR QUIT

To: CYNTHIA RANGELYEPIZ, LORD PHIBONACCII
and all other in possession of the premises located at:

8820 Sepulveda Eastway #114, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| Date Amount Became Due | Amount |
|---|---|
| August 1st, 2024 | $412.00 |
| September 1st, 2024 | $3,769.00 |

**Total Delinquent Rent: $4,181.00**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

Due to previous returned checks, payment must be submitted in the form of a Cashier's Check.

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 9/10/2024

By: Luke Houska
Agent for Landlord/Owner

[For Landlord Use Only]

# PROOF OF SERVICE

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: CYNTHIA RANGELYEPIZ, LORD PHIBONACCII and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #114, Los Angeles, CA 90045

Date of service: September 10th, 2024

I served copies of the above-referenced document(s) in the manner indicated below:

☒ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): Lord Phibonaccii ____.

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ____, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☒ **BY ~~POSTING~~ AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by ~~first class~~ mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated. LH

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on September 10th, 2024 in Los Angeles, California.

Signature: [signature]

Print Name: Luke Houska

LAHD
LOS ANGELES HOUSING DEPARTMENT
Rent and Code Compliance Bureau
1910 Sunset Blvd, Ste 300 Los Angeles, CA 90026
Tel: 866.557.7368
housing.lacity.org

Karen Bass, Mayor
Ann Sewill, General Manager

# DECLARATION RE: REQUEST TO VERIFY THE FILING OF AN EVICTION NOTICE WITH THE LOS ANGELES HOUSING DEPARTMENT

1. The Los Angeles Housing Department ("LAHD") maintains records of notices of termination of tenancy filed by a landlord as required by Los Angeles Municipal Code (LAMC) Sections 151.09.C.9 and 165.05.B.5 ("Eviction Notice/Notices"). These sections both state: "A copy of any written notice terminating a tenancy shall be filed with the Department within three business days of service on the tenant."
2. LAHD's Eviction Filing System stores a copy of the submitted Eviction Notice and directly records the date of submission if the Eviction Notice was submitted by the landlord online through LAHD's Eviction Filing System portal. If LAHD received a hard copy of the Eviction Notice by mail or personal delivery to an LAHD public counter, LAHD's third party vendor will scan the notice and LAHD will upload the Eviction Notice to the Eviction Filing System recording the received date as either the postmark date of the mail or the LAHD public counter date received stamp.
3. LAHD maintains Eviction Notices in the ordinary course of business and records and stores them at or near the time LAHD receives the Eviction Notice. Eviction Notices stored and maintained by LAHD are also public records. LAHD's Eviction Filing System generates a received date in the system when an Eviction Notice is submitted online. This received date is generated in the ordinary course of business on the date and the time the Eviction Notice is received and is maintained electronically by LAHD in its Eviction Filing System. Notices filed at the LAHD public counters have an LAHD stamp showing receipt date which is stored in the LAHD's Eviction Filing System as the received date. Notices received via mail have a postmark date which is stored in the LAHD's Eviction Filing System as the received date.
4. This declaration is in response to a party's request to LAHD to verify the filing of a copy of an Eviction Notice with LAHD. LAHD staff has reviewed the request. The

request asked LAHD to verify if LAHD had received an Eviction Notice with respect to the following property:

**LAHD RESPONSE DATE:** 4/22/2024 **APN:** 4123006028

**PROPERTY ADDRESS:** 8820 S SEPULVEDA #114, LOS ANGELES, CA, 90045

**SPECIFIC NOTICE(S) (IF REQUESTED):** ____________________

____________________

5. LAHD staff made a diligent search of the records maintained by the LAHD to determine whether LAHD has ever received a copy of any Eviction Notice related to the Property address set forth in paragraph 4, above. In response to this search, LAHD determined the following (see option checked below):

☑ LAHD **DOES** possess records showing an Eviction Notice(s) was filed with LAHD with respect to the above-referenced property. A copy of the Eviction Notice(s) found is attached. LAHD's records indicate that the Eviction Notice attached was received by LAHD by

☑ online submission to the Electronic Filing System,

☐ personal delivery to an LAHD public counter,

☐ by mail

On dates 11-15-2024.

☐ LAHD **DOES NOT** possess any Eviction Notices submitted electronically or sent via mail or delivered in person by the landlord or landlord's representative with respect to the above-referenced property.

6. LAHD has standard procedures for accepting and storing an Eviction Notice submitted by a landlord pursuant to Los Angeles Municipal Code Sections 151.09.C.9 and 165.05.B.5. These procedures are accurately summarized in the question-and-answer format below.

(a) **What is LAHD's procedure(s) for accepting and storing eviction notices submitted by landlords?**

LAHD receives Eviction Notices from landlords via personal delivery to LAHD public counters, by electronic (online) submission through LAHD's Eviction Filing System portal (www. https://lahd.service-now.com/efs), or via US Mail, FedEx or UPS. Online submissions through LAHD's Eviction Filing System portal are automatically processed and stored in LAHD's online tracking system database. Hard copy notices received in person at an LAHD public counter or via mail are scanned and uploaded to the electronic Eviction Filing System. It may take 1-2 weeks after receipt of the hard copy of the notice for it to be uploaded to LAHD's Eviction Filing System.

(b) **What does LAHD deem to be the received date of a submitted eviction notice?**

The received date is either **(1)** the date the landlord uploads a copy of the notice to the LAHD Eviction Filing System if submitting online, **(2)** the date a hard copy of the notice is personally delivered to LAHD at an LAHD public counter, or **(3)** the postmark date if a hard copy of the Eviction Notice is mailed to LAHD. If there is no postmark date, then LAHD looks to the date the mail was physically received.

(c) **What are LAHD's procedures for searching for Eviction Notices that have been received by LAHD?**

In response to a request to search for and verify whether an Eviction Notice for a specified property was ever received by LAHD, LAHD staff searches its online Eviction Filing System database by unit number, address, tenant name and Assessor's Parcel Number (APN) using search mechanisms programmed into the system. If an Eviction Notice is found, an LAHD staff member reviews the Eviction Notice stored in the system, and confirms the date of submission recorded in the system. Hard copy notices that are mailed or delivered in person to an LAHD public counter are not searched until after they are uploaded to the LAHD Eviction Filing System.

# NOTICE TO PAY RENT OR QUIT

To: CYNTHIA RANGELYEPIZ, LORD PHIBONACCII
and all other in possession of the premises located at:

8820 Sepulveda Eastway #114, Los Angeles, CA 90045

This unit is a Two Bedroom

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| Date Amount Became Due | Amount |
|---|---|
| August 1st, 2024 | $69.00 |
| September 1st, 2024 | $3,769.00 |
| October 1st, 2024 | $3,769.00 |
| November 1st, 2024 | $3,769.00 |

**Total Delinquent Rent: $11,376.00**

This notice does not demand rent or other payments owed prior to April 1st, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

| | |
|---|---|
| X | By mail to: Eastway, 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 |
| X | By delivering in person to: Luke Houska or any available personnel at 8820 Sepulveda Eastway, Los Angeles, CA 90045-4865 between the hours of 9am to 6pm on the following days of the week: Monday through Friday. Said employee may be reached by telephone at (323) 556-9696 |
| | To the 24-hour drop box located at the on-site rental office |
| X | By electronic funds transfer procedure previously established |

Name of an Agent for Landlord: Luke Houska
Telephone Number: (323) 556-9696

**(2) Or deliver up possession of the premises described herein to Eastway, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said

premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: 11/12/2024

By: Luke Houska
Agent for Landlord/Owner

[For Landlord Use Only]

# PROOF OF SERVICE

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: CYNTHIA RANGELYEPIZ, LORD PHIBONACCII
and all tenants, subtenants, and others in possession

Subject property: 8820 Sepulveda Eastway #114, Los Angeles, CA 90045

Date of service: November 12th, 2024

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE.** On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): ______________________________ ______________________________.

☐ **BY SUBSTITUTED SERVICE.** On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with ______________________________, a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☒ **BY POSTING AND MAILING.** On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by certified mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated.

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on November 12th, 2024 in Los Angeles, California.

Signature: ______________________________

Print Name: Luke Houska

# EXHIBIT C

TITLE: Court-Stamped Writ Filing

DATE: April 11, 2025

DESCRIPTION: This exhibit includes the official court-stamped filing of the Writ of Possession, confirming that the document was filed on April 11, 2025. Despite this filing date, no attempt at service was made until nearly three months later. This delay contradicts the expectation of prompt execution under CCP § 715.020 and supports the argument of procedural abandonment and due process violation.

Supporting Image: Stamped Writ Filing (April 11, 2025)



# EXHIBIT C-2

CHRIS JAMES EVANS

ATTORNEY MISCONDUCT COMPLIANT

The State Bar of California

**Date:** 7/7/2025

# Attorney Misconduct Complaint

## Your Contact Information

**Title:**

| | | |
|---|---|---|
| **First name:** LORD | **Middle name:** MAISON | **Last name:** PHIBONACCII |
| **Address:** 8820 Sepulveda Eastway | | |
| **City:** Los Angeles | **State:** CA | **ZIP code:** 90045 |
| **Email:** phibonaccii@icloud.com | | |
| **Your telephone numbers:** | | |
| **Home:** (818) 401-3133 | **Work:** | **Cell:** |

## Attorney's Information

| | | |
|---|---|---|
| **First name:** Chris | **Middle name:** James | **Last name:** Evans |
| **Address:** 915 Wilshire Boulevard Suite 1600 | | |
| **City:** Los Angeles | **State:** CA | **ZIP code:** 90071 |
| **Email:** tracey.merrell@kts-law.com | **CA Bar License #:** 202135 | |
| **Primary phone:** (213) 370-0050 | **Other phone:** | |
| **Cell phone:** | **Website:** | |

**Have you or a member of your family complained to the State Bar about this attorney previously?**

○ Yes ◉ No

**Did you hire the attorney?**

○ Yes ◉ No

**Does this complaint involve allegations of theft or misappropriation of funds?**

◉ Yes ○ No

**Does this complaint involve allegations of attorney misconduct against a person 65 years of age or older?**

○ Yes ◉ No

**Does this complaint involve allegations of attorney misconduct against a person who is incapacitated, infirm, disabled, incarcerated, an immigrant, or a minor?**

◉ Yes ○ No

The State Bar of California

Date: 7/7/2025

# Attorney Misconduct Complaint

**Does this complaint involve allegations that the attorney has abandoned a client?**

○ Yes ⦿ No

**Does this complaint involve allegations about an attorney who provided, or was supposed to provide, services related to immigration?**

○ Yes ⦿ No

**Are you an attorney?**

○ Yes ⦿ No

**Enter the approximate date you hired the attorney and the amount, if any paid to the attorney.**

**Date:** **Amount paid:**

**What is your connection with the attorney? Explain briefly.**

I am the defendant in two unlawful detainer (eviction) cases filed by this attorney on behalf of two different landlords. The attorney represented the plaintiff in both cases, using similar tactics including inaccurate rent claims, procedural defects, and litigation strategies that caused me financial harm and emotional distress. I did not hire this attorney; I am the opposing party in both actions.

**Statement of Complaint**

**Include with your submission a statement of what the attorney did or did not do that is the basis of your complaint. Please state the facts as you understand them. Do not include opinions or arguments. If you hired the attorney(s), state what you hired the attorney(s) to do. Additional information may be requested.**

I am the named Defendant in two separate unlawful detainer actions filed by attorney Chris James Evans, both involving different properties but following identical legal strategies and patterns of misconduct. I did not hire Mr. Evans. He represented landlords who filed evictions against me using improper procedures, false claims, and litigation tactics I believe are abusive, retaliatory, and in violation of both ethical and legal standards.

□

Summary of Misconduct:

Attorney Chris Evans filed and prosecuted two separate eviction cases involving me:
1. The Montecito Case (2019): Later dismissed
2. The Eastway Case (2024): Filed using the same strategy and law firm

In both cases, Mr. Evans and his firm:
- Blocked rent portal access
- Accepted only cashier's checks
- Re-served withdrawn or baseless UDs
- Falsely claimed I was in default
- Continued litigation after obvious procedural failures
- Caused severe emotional distress, financial harm, and housing instability

This shows a firm-wide strategy to displace tenants using unlawful detainer abuse.

□

VIOLATIONS OF LAW & ETHICS

1. Abuse of Process

The State Bar of California

Date: 7/7/2025

# Attorney Misconduct Complaint

Adams v. Superior Court (1959) 52 Cal.2d 867
Re-filing and pursuing eviction actions that were previously withdrawn or defective.

2. Filing Non-Meritorious Claims / Malicious Prosecution

Sheldon Appel Co. v. Albert & Oliker (1989) 47 Cal.3d 863
Knowingly pursuing eviction without legal justification.

3. Continuing Litigation of a Known Defective Claim

Zamos v. Stroud (2004) 32 Cal.4th 958
Evans continued to litigate cases with no factual or legal merit.

4. Misrepresentation to the Court

Business & Professions Code § 6068(d)
Knowingly prosecuting a claim based on false rental balances and defective service.

5. Violations of California Rules of Professional Conduct
- Rule 1.1 – Lack of competence
- Rule 1.2.1 – Assisting client in unlawful conduct
- Rule 3.1 – Non-meritorious claims
- Rule 3.3 – Lack of candor toward the tribunal
- Rule 3.4 – Unfair litigation conduct

6. Unfair Business Practices

Business & Professions Code § 17200
Pursuing unlawful evictions as a pattern of legal intimidation.

7. Retaliation and Disability Discrimination

California Civil Code § 1942.5 / Fair Housing Act / ADA Title II
Filing eviction to displace me after complaints and disability-related issues, with firm-wide knowledge of my protected status and vulnerability.

□

Request for Investigation:

I respectfully request that the State Bar investigate the actions of Chris James Evans (Bar #202135) for professional misconduct, abuse of process, and possible ethical violations in connection with his role in two separate eviction cases involving me — both of which reflect systemic misconduct.

Attached are:
- Copies of the unlawful detainer complaints
- Dismissal forms bearing his signature
- Court-stamped documents from both cases

Thank you for your time and attention to this serious matter.

The State Bar of California

**Date:** 7/7/2025

# Attorney Misconduct Complaint

## Related Court Case Information

| | |
|---|---|
| **Court name:** Superior Court of California, County of Los Angeles – Inglewood / Southwest District | **Case name:** LA APT 1 LLC vs Cynthia Rangel, Lord Phibonaccii |
| **Case number:** 24IWUD00202 | **Approx. date case was filed:** 10/3/2024 |
| **Size of law firm complained about** 2-10 Attorneys | |
| **If you are not a party to this case, what is your connection with it? Explain briefly.** | |

## Attachments

☐ **No files attached**

- Chris Evans MONTECITO Attorney.pdf
- Chris Evans Same Attorney , pattern-compressed.pdf
- IMG_1903.jpeg
- IMG_1913.jpeg
- IMG_1914.jpeg
- Notice to pay rent - August , September , October .pdf
- NOTICE TO PAY RENT -compressed.pdf
- smallpdf - 07 Jul 2025 - 174104-compressed.pdf

## Translation Information

☐ **Not applicable**

**The State Bar accepts complaints in over 200 languages. If you need translation services to communicate with the State Bar, please let us know by completing this section of the complaint form. We will communicate with you through a translation service in the language of your choice. Do you need translation services?**

○ **Yes** ◉ **No**

**State the language in which you need formal translation:**

The State Bar of California

**Date:** 7/7/2025

# Attorney Misconduct Complaint

## Submission

☑ **By checking this box I certify that all information on this form is true and correct. I understand that the content of m y complaint can be disclosed to the attorney. I understand that I waive the attorney client privilege and any other applicable privilege between myself and the attorney to the extent necessary for the investigation and prosec ution of the allegations. I also agree that the checkbox and my name typed below are to be used as my electronic signature.**

☑ **I understand that if the Office of Chief Trial Counsel (OCTC) prosecutes allegations contained in this complaint, I may be required to testify before the State Bar Court in order to prove the charge or charges or misconduct against the above-named attorney.**

☑ **I understand that every person who reports to the State Bar or causes a complaint to be filed with the State Bar that an attorney has engaged in professional misconduct, knowing the report or complaint to be false and malicious, is guilty of a misdemeanor.**

**Signature** LORD MAISON PHIBONACCII

# EXHIBIT C-3

COMMISSIONER JOEL CHRISTIAN KOURY

ATTORNEY MISCONDUCT COMPLIANT

The State Bar of California

**Date:** 7/10/2025

# Attorney Misconduct Complaint

## Your Contact Information

**Title:**

**First name:** LORD | **Middle name:** MAISON | **Last name:** PHIBONACCII

**Address:** 8820 Sepulveda Eastway Apt 114

**City:** Los Angeles | **State:** CA | **ZIP code:** 90045

**Email:** phibonaccii@icloud.com

**Your telephone numbers:**

**Home:** (818) 401-3133 | **Work:** | **Cell:**

## Attorney's Information

**First name:** Joel | **Middle name:** Christian | **Last name:** Koury

**Address:** One Regent St Dept 001

**City:** Inglewood | **State:** CA | **ZIP code:** 90301

**Email:** phibonaccii@icloud.com | **CA Bar License #:** 143856

**Primary phone:** (818) 401-3133 | **Other phone:**

**Cell phone:** | **Website:**

**Have you or a member of your family complained to the State Bar about this attorney previously?**

○ Yes ◉ No

**Did you hire the attorney?**

○ Yes ◉ No

**Does this complaint involve allegations of theft or misappropriation of funds?**

◉ Yes ○ No

**Does this complaint involve allegations of attorney misconduct against a person 65 years of age or older?**

○ Yes ◉ No

**Does this complaint involve allegations of attorney misconduct against a person who is incapacitated, infirm, disabled, incarcerated, an immigrant, or a minor?**

◉ Yes ○ No

The State Bar of California

**Date:** 7/10/2025

# Attorney Misconduct Complaint

**Does this complaint involve allegations that the attorney has abandoned a client?**

○ **Yes** ⦿ **No**

**Does this complaint involve allegations about an attorney who provided, or was supposed to provide, services related to immigration?**

○ **Yes** ⦿ **No**

**Are you an attorney?**

○ **Yes** ⦿ **No**

**Enter the approximate date you hired the attorney and the amount, if any paid to the attorney.**

**Date:** **Amount paid:**

**What is your connection with the attorney? Explain briefly.**

Joel C. Koury acted as a court commissioner in my unlawful detainer case. Although he was not my attorney, he is a licensed California attorney and used his position to retaliate, deny me due process, and enable fraudulent court conduct. His actions support my federal civil rights complaint (Case No. 2:25-cv-06317-CAS-E).
I have been diagnosed with ADHD, which affects my cognitive processing under stress. Commissioner Koury ignored my filings and due process claims, placing me at a serious disadvantage during proceedings. His refusal to review motions and inappropriate courtroom statements caused additional emotional and legal harm.

**Statement of Complaint**

**Include with your submission a statement of what the attorney did or did not do that is the basis of your complaint. Please state the facts as you understand them. Do not include opinions or arguments. If you hired the attorney(s), state what you hired the attorney(s) to do. Additional information may be requested.**

The State Bar *of California*

**Date:** 7/10/2025

# Attorney Misconduct Complaint

I am filing this complaint against Joel Christian Koury (Bar #143856), who currently serves as a court commissioner in Los Angeles County Superior Court – Unlawful Detainer Division.

Although he was not my attorney, Commissioner Koury is a licensed California attorney and misused his position in a way that violated ethical and professional standards.

In my case, he refused to review my Motion to Set Aside Default Judgment, stating on the record:

"No, I'm not looking at anything because you missed your date."

He then made a retaliatory comment:

"You don't come at someone so hard — you ask for favors before coming in so hard."

On top of that, Commissioner Koury improperly advanced my Motion to Set Aside Judgment to be heard during an unrelated ex parte hearing, without proper notice or calendar procedure. He refused to consider the merits of my motion, instead allowing a fraudulent Notice to Vacate to override actual legal facts, documents, and timelines.

His comments and handling of the hearing were not only inappropriate, they were biased, unprofessional, and demonstrate retaliatory judicial behavior against a self-represented litigant.

I have now filed a verified federal civil rights lawsuit (U.S. District Court Case No. 2:25-cv-06317-CAS-E) that includes claims under 42 U.S.C. § 1983 and § 1985(2) for obstruction of due process, abuse of process, and coordinated retaliation. A separate complaint will be submitted to the California Commission on Judicial Performance as well.

Commissioner Koury's conduct reflects serious ethical unfitness to practice law or serve in a judicial capacity, and I request full investigation.

## Related Court Case Information

| | |
|---|---|
| **Court name:** Los Angeles County Superior Court – Unlawful Detainer Division (Inglewood) | **Case name:** Lord Maison Phibonaccii v. LA Apt.1 LLC |
| **Case number:** | **Approx. date case was filed:** 7/9/2025 |
| **Size of law firm complained about** 2-10 Attorneys | |

**If you are not a party to this case, what is your connection with it? Explain briefly.**

I am the plaintiff in the unlawful detainer case in which Commissioner Joel C. Koury presided. I was directly affected by his actions. He refused to review my filed Motion to Set Aside Judgment, denied me a jury trial, and made inappropriate statements on the record suggesting bias and retaliation. I am also the plaintiff in a related federal civil rights case now pending in U.S. District Court: Case No. 2:25-cv-06317-CAS-E.

The State Bar of California

Date: 7/10/2025

# Attorney Misconduct Complaint

## Attachments

☐ **No files attached**

- 20250710195646962830Attorney Misconduct Complaint 2 Online Complaint-compressed.pdf (Attorney Misconduct Complaint #2 Online Complaint-compressed.pdf)
- 20250710195655387580Attorney Misconduct Complaint 2 Online Complaint.pdf (Attorney Misconduct Complaint #2 Online Complaint.pdf)
- Download Exhibit_B_Envelope_Service_Delay.docx
- Download Exhibit_F_Complete_Merged.pdf
- Download Updated Exhibit_E_Declaration_Improper_Service_Updated.docx
- EX-PARTE APPLICATION TO STAY WRIT OF POSSESSION - CYNTHIA & LORD 25IWUD00164-compressed.pdf
- EX-PARTE DATE 07-10-25 130 PM DEPT 8.pdf
- Exhibit A .docx
- IMG_2043 Medium-converted.pdf
- Online Complaint Form - 11264.pdf

## Translation Information

☐ **Not applicable**

**The State Bar accepts complaints in over 200 languages. If you need translation services to communicate with the State Bar, please let us know by completing this section of the complaint form. We will communicate with you through a translation service in the language of your choice. Do you need translation services?**

○ **Yes** ◉ **No**

**State the language in which you need formal translation:**

The State Bar of California

**Date:** 7/10/2025

# Attorney Misconduct Complaint

## Submission

☑ **By checking this box I certify that all information on this form is true and correct. I understand that the content of my complaint can be disclosed to the attorney. I understand that I waive the attorney client privilege and any other applicable privilege between myself and the attorney to the extent necessary for the investigation and prosecution of the allegations. I also agree that the checkbox and my name typed below are to be used as my electronic signature.**

☑ **I understand that if the Office of Chief Trial Counsel (OCTC) prosecutes allegations contained in this complaint, I may be required to testify before the State Bar Court in order to prove the charge or charges or misconduct against the above-named attorney.**

☑ **I understand that every person who reports to the State Bar or causes a complaint to be filed with the State Bar that an attorney has engaged in professional misconduct, knowing the report or complaint to be false and malicious, is guilty of a misdemeanor.**

**Signature** LORD MAISON PHIBONACCII

# EXHIBIT C-4

CHRIS EVANS

ATTORNEY MISCONDUCT COMPLIANT

The State Bar of California

**Date:** 7/7/2025

# Attorney Misconduct Complaint

## Your Contact Information

| | | | | | |
|---|---|---|---|---|---|
| **Title:** | | | | | |
| **First name:** | LORD | **Middle name:** | MAISON | **Last name:** | PHIBONACCII |
| **Address:** | 8820 Sepulveda Eastway | | | | |
| **City:** | Los Angeles | **State:** | CA | **ZIP code:** | 90045 |
| **Email:** | phibonaccii@icloud.com | | | | |
| **Your telephone numbers:** | | | | | |
| **Home:** | (818) 401-3133 | **Work:** | | **Cell:** | |

## Attorney's Information

| | | | | | |
|---|---|---|---|---|---|
| **First name:** | Chris | **Middle name:** | James | **Last name:** | Evans |
| **Address:** | 915 Wilshire Boulevard Suite 1600 | | | | |
| **City:** | Los Angeles | **State:** | CA | **ZIP code:** | 90071 |
| **Email:** | tracey.merrell@kts-law.com | **CA Bar License #:** | 202135 | | |
| **Primary phone:** | (213) 370-0050 | **Other phone:** | | | |
| **Cell phone:** | | **Website:** | | | |

**Have you or a member of your family complained to the State Bar about this attorney previously?**

○ Yes ◉ No

**Did you hire the attorney?**

○ Yes ◉ No

**Does this complaint involve allegations of theft or misappropriation of funds?**

◉ Yes ○ No

**Does this complaint involve allegations of attorney misconduct against a person 65 years of age or older?**

○ Yes ◉ No

**Does this complaint involve allegations of attorney misconduct against a person who is incapacitated, infirm, disabled, incarcerated, an immigrant, or a minor?**

◉ Yes ○ No

The State Bar of California

Date: 7/7/2025

# Attorney Misconduct Complaint

**Does this complaint involve allegations that the attorney has abandoned a client?**

○ Yes ◉ No

**Does this complaint involve allegations about an attorney who provided, or was supposed to provide, services related to immigration?**

○ Yes ◉ No

**Are you an attorney?**

○ Yes ◉ No

**Enter the approximate date you hired the attorney and the amount, if any paid to the attorney.**

**Date:** **Amount paid:**

**What is your connection with the attorney? Explain briefly.**

I am the defendant in two unlawful detainer (eviction) cases filed by this attorney on behalf of two different landlords. The attorney represented the plaintiff in both cases, using similar tactics including inaccurate rent claims, procedural defects, and litigation strategies that caused me financial harm and emotional distress. I did not hire this attorney; I am the opposing party in both actions.

**Statement of Complaint**

**Include with your submission a statement of what the attorney did or did not do that is the basis of your complaint. Please state the facts as you understand them. Do not include opinions or arguments. If you hired the attorney(s), state what you hired the attorney(s) to do. Additional information may be requested.**

I am the named Defendant in two separate unlawful detainer actions filed by attorney Chris James Evans, both involving different properties but following identical legal strategies and patterns of misconduct. I did not hire Mr. Evans. He represented landlords who filed evictions against me using improper procedures, false claims, and litigation tactics I believe are abusive, retaliatory, and in violation of both ethical and legal standards.

□

Summary of Misconduct:

Attorney Chris Evans filed and prosecuted two separate eviction cases involving me:
1. The Montecito Case (2019): Later dismissed
2. The Eastway Case (2024): Filed using the same strategy and law firm

In both cases, Mr. Evans and his firm:
- Blocked rent portal access
- Accepted only cashier's checks
- Re-served withdrawn or baseless UDs
- Falsely claimed I was in default
- Continued litigation after obvious procedural failures
- Caused severe emotional distress, financial harm, and housing instability

This shows a firm-wide strategy to displace tenants using unlawful detainer abuse.

□

VIOLATIONS OF LAW & ETHICS

1. Abuse of Process

# Attorney Misconduct Complaint

Adams v. Superior Court (1959) 52 Cal.2d 867
Re-filing and pursuing eviction actions that were previously withdrawn or defective.

2. Filing Non-Meritorious Claims / Malicious Prosecution

Sheldon Appel Co. v. Albert & Oliker (1989) 47 Cal.3d 863
Knowingly pursuing eviction without legal justification.

3. Continuing Litigation of a Known Defective Claim

Zamos v. Stroud (2004) 32 Cal.4th 958
Evans continued to litigate cases with no factual or legal merit.

4. Misrepresentation to the Court

Business & Professions Code § 6068(d)
Knowingly prosecuting a claim based on false rental balances and defective service.

5. Violations of California Rules of Professional Conduct
- Rule 1.1 – Lack of competence
- Rule 1.2.1 – Assisting client in unlawful conduct
- Rule 3.1 – Non-meritorious claims
- Rule 3.3 – Lack of candor toward the tribunal
- Rule 3.4 – Unfair litigation conduct

6. Unfair Business Practices

Business & Professions Code § 17200
Pursuing unlawful evictions as a pattern of legal intimidation.

7. Retaliation and Disability Discrimination

California Civil Code § 1942.5 / Fair Housing Act / ADA Title II
Filing eviction to displace me after complaints and disability-related issues, with firm-wide knowledge of my protected status and vulnerability.

□

Request for Investigation:

I respectfully request that the State Bar investigate the actions of Chris James Evans (Bar #202135) for professional misconduct, abuse of process, and possible ethical violations in connection with his role in two separate eviction cases involving me — both of which reflect systemic misconduct.

Attached are:
- Copies of the unlawful detainer complaints
- Dismissal forms bearing his signature
- Court-stamped documents from both cases

Thank you for your time and attention to this serious matter.

The State Bar of California

**Date:** 7/7/2025

# Attorney Misconduct Complaint

## Related Court Case Information

| | |
|---|---|
| **Court name:** Superior Court of California, County of Los Angeles – Inglewood / Southwest District | **Case name:** LA APT 1 LLC vs Cynthia Rangel, Lord Phibonaccii |
| **Case number:** 24IWUD00202 | **Approx. date case was filed:** 10/3/2024 |
| **Size of law firm complained about** 2-10 Attorneys | |
| **If you are not a party to this case, what is your connection with it? Explain briefly.** | |

## Attachments

☐ **No files attached**

- Chris Evans MONTECITO Attorney.pdf
- Chris Evans Same Attorney , pattern-compressed.pdf
- IMG_1903.jpeg
- IMG_1913.jpeg
- IMG_1914.jpeg
- Notice to pay rent - August , September , October .pdf
- NOTICE TO PAY RENT -compressed.pdf
- smallpdf - 07 Jul 2025 - 174104-compressed.pdf

## Translation Information

☐ **Not applicable**

**The State Bar accepts complaints in over 200 languages. If you need translation services to communicate with the State Bar, please let us know by completing this section of the complaint form. We will communicate with you through a translation service in the language of your choice. Do you need translation services?**

○ **Yes** ◉ **No**

**State the language in which you need formal translation:**

The State Bar of California

**Date:** 7/7/2025

# Attorney Misconduct Complaint

## Submission

☑ **By checking this box I certify that all information on this form is true and correct. I understand that the content of my complaint can be disclosed to the attorney. I understand that I waive the attorney client privilege and any other applicable privilege between myself and the attorney to the extent necessary for the investigation and prosecution of the allegations. I also agree that the checkbox and my name typed below are to be used as my electronic signature.**

☑ **I understand that if the Office of Chief Trial Counsel (OCTC) prosecutes allegations contained in this complaint, I may be required to testify before the State Bar Court in order to prove the charge or charges or misconduct against the above-named attorney.**

☑ **I understand that every person who reports to the State Bar or causes a complaint to be filed with the State Bar that an attorney has engaged in professional misconduct, knowing the report or complaint to be false and malicious, is guilty of a misdemeanor.**

**Signature** LORD MAISON PHIBONACCII

# EXHIBIT C-5

TANIA K CORDOSO

ATTORNEY MISCONDUCT COMPLIANT

The State Bar of California

**Date:** 7/7/2025

# Attorney Misconduct Complaint

## Your Contact Information

**Title:**

**First name:** LORD | **Middle name:** MAISON | **Last name:** PHIBONACCII

**Address:** 8820 Sepulveda Eastway Apt 114

**City:** Los Angeles | **State:** CA | **ZIP code:** 90045

**Email:** phibonaccii@icloud.com

**Your telephone numbers:**

**Home:** (818) 401-3133 | **Work:** | **Cell:**

## Attorney's Information

**First name:** Tania | **Middle name:** Kim | **Last name:** Cardoso

**Address:** 7755 Center Ave Suite 110

**City:** Huntington Beach | **State:** CA | **ZIP code:** 92647

**Email:** tcardoso@hclawapc.com | **CA Bar License #:** 244473

**Primary phone:** (562) 912-7712 | **Other phone:**

**Cell phone:** | **Website:**

**Have you or a member of your family complained to the State Bar about this attorney previously?**

○ Yes ◉ No

**Did you hire the attorney?**

○ Yes ◉ No

**Does this complaint involve allegations of theft or misappropriation of funds?**

◉ Yes ○ No

**Does this complaint involve allegations of attorney misconduct against a person 65 years of age or older?**

○ Yes ◉ No

**Does this complaint involve allegations of attorney misconduct against a person who is incapacitated, infirm, disabled, incarcerated, an immigrant, or a minor?**

◉ Yes ○ No

The State Bar of California

**Date:** 7/7/2025

# Attorney Misconduct Complaint

**Does this complaint involve allegations that the attorney has abandoned a client?**

○ Yes ⦿ No

**Does this complaint involve allegations about an attorney who provided, or was supposed to provide, services related to immigration?**

○ Yes ⦿ No

**Are you an attorney?**

○ Yes ⦿ No

**Enter the approximate date you hired the attorney and the amount, if any paid to the attorney.**

**Date:** **Amount paid:**

**What is your connection with the attorney? Explain briefly.**

I am the named Defendant in an unlawful detainer (eviction) case filed against me by this attorney, Tania Kim Cardoso, on behalf of her client, LA APT 1 LLC, in Case No. 25IWUD00164. I did not hire this attorney. I am filing this complaint because she acted as opposing counsel and pursued a case that I believe was meritless, retaliatory, and procedurally improper, causing me financial harm, emotional distress, and potential damage to my credit and housing stability.

**Statement of Complaint**

**Include with your submission a statement of what the attorney did or did not do that is the basis of your complaint. Please state the facts as you understand them. Do not include opinions or arguments. If you hired the attorney(s), state what you hired the attorney(s) to do. Additional information may be requested.**

I am the named Defendant in an unlawful detainer (eviction) case filed against me by this attorney, Tania Kim Cardoso, on behalf of LA APT 1 LLC. I did not hire her. I am submitting this complaint because she filed and prosecuted a meritless and procedurally flawed eviction case that caused me harm and violated multiple ethical and legal standards. Ms. Cardoso acted as opposing counsel and continued litigation despite knowing the case lacked merit and was based on false and discriminatory grounds.

□

Summary of Alleged Misconduct:
• Ms. Cardoso refiled a previously withdrawn unlawful detainer complaint against me (originally served November 2024, re-served in January 2025) with no new material facts.
• She prosecuted the claim even after the landlord acknowledged the rent ledger was wrong by $400, but still blocked portal access and refused payment.
• She pursued eviction despite habitability violations, including toxic mold, broken AC, flooding, rodent infestation, and lack of security.
• The apartment was uninspected at move-in, violating Civil Code §1950.5(f).
• When I attempted to return the keys in good faith, the landlord refused to accept them — yet Ms. Cardoso still filed.
• I disclosed my ADHD disability and was harassed by property staff (mocked, told "we're trying to get you out"), yet Ms. Cardoso pursued the case without regard to the hostile, retaliatory, and discriminatory environment.
• Her actions contributed to emotional distress, credit harm, housing instability, and disability-based retaliation.

□

Violations of Law & Ethics:

1. Abuse of Process

Adams v. Superior Court (1959) 52 Cal.2d 867
Re-serving a withdrawn complaint without new cause is improper use of the court.

# Attorney Misconduct Complaint

☐

2. Filing a Meritless Claim

Sheldon Appel Co. v. Albert & Oliker (1989) 47 Cal.3d 863
Filing without probable cause or factual support constitutes malpractice or malicious prosecution.

☐

3. Continuing Litigation of a Defective Claim

Zamos v. Stroud (2004) 32 Cal.4th 958
Attorneys may not continue prosecuting cases they know lack merit.

☐

4. Misrepresentation to the Court

Business & Professions Code § 6068(d)
The attorney failed to correct the known false rent ledger and ignored procedural defects, misleading the court.

☐

5. Violations of the Rules of Professional Conduct
- Rule 1.1 – Failure to act competently
- Rule 1.2.1 – Assisting client in unlawful conduct (e.g., rent refusal, harassment)
- Rule 3.1 – Filing a non-meritorious claim
- Rule 3.3 – Failing to correct falsehoods or uphold candor toward the tribunal
- Rule 3.4 – Fairness to opposing party ignored

☐

6. Retaliation and Disability-Based Harassment

Civil Code § 1942.5, Fair Housing Act, and ADA Title II/III
The case was pursued even though I had a diagnosed disability (ADHD), reported habitability issues, and was verbally harassed by the landlord and maintenance staff. One staff member told me directly: “We’re trying to get you out of here.”

☐

7. Unfair Business Practices

Business & Professions Code § 17200
The unlawful detainer process was used to intimidate and displace me based on false claims and discriminatory motives.

☐

Request for Review:

I respectfully request that the State Bar investigate whether Ms. Cardoso violated her professional responsibilities and ethical duties by prosecuting this case in a retaliatory and unlawful manner, contributing to wrongful eviction efforts and harm to a vulnerable tenant.

Thank you for your attention and time.

The State Bar of California

**Date:** 7/7/2025

# Attorney Misconduct Complaint

## Related Court Case Information

| | |
|---|---|
| **Court name:** Superior Court of California, County of Los Angeles – Inglewood Courthouse | **Case name:** LA APT 1 LLC v. Lord Maison Phibonaccii |
| **Case number:** 25IWUD00164 | **Approx. date case was filed:** 1/27/2025 |
| **Size of law firm complained about** 2-10 Attorneys | |
| **If you are not a party to this case, what is your connection with it? Explain briefly.** | |

## Attachments

☐ **No files attached**

- IMG_1830.png
- IMG_1831.png
- IMG_1840.png
- IMG_1908.jpeg
- IMG_1910.jpeg
- IMG_1913.jpeg
- IMG_1914.jpeg
- NOTICE TO PAY RENT -compressed.pdf

## Translation Information

☐ **Not applicable**

**The State Bar accepts complaints in over 200 languages. If you need translation services to communicate with the State Bar, please let us know by completing this section of the complaint form. We will communicate with you through a translation service in the language of your choice. Do you need translation services?**

○ **Yes** ◉ **No**

**State the language in which you need formal translation:**

The State Bar of California

**Date:** 7/7/2025

# Attorney Misconduct Complaint

## Submission

☑ **By checking this box I certify that all information on this form is true and correct. I understand that the content of m y complaint can be disclosed to the attorney. I understand that I waive the attorney client privilege and any other applicable privilege between myself and the attorney to the extent necessary for the investigation and prosec ution of the allegations. I also agree that the checkbox and my name typed below are to be used as my electronic signature.**

☑ **I understand that if the Office of Chief Trial Counsel (OCTC) prosecutes allegations contained in this complaint, I may be required to testify before the State Bar Court in order to prove the charge or charges or misconduct against the above-named attorney.**

☑ **I understand that every person who reports to the State Bar or causes a complaint to be filed with the State Bar that an attorney has engaged in professional misconduct, knowing the report or complaint to be false and malicious, is guilty of a misdemeanor.**

**Signature** LORD MAISON PHIBONACCII

# EXHIBIT F-1

WITHDRAL EMAIL

Gmail

Cynthia Rangel <cynnn1ssa@gmail.com>

## Eastway #114 - Withdrawal of Eviction

1 message

**Eastway Manager** <eastwaymgr@greystar.com> Tue, Nov 5, 2024 at 5:48 PM
To: "cynnn1ssa@gmail.com" <cynnn1ssa@gmail.com>, "phibonaccii@outlook.com" <phibonaccii@outlook.com>

Good Evening,

I hope this emails finds you well.

As per the phone call made to you a few moments ago, I am reaching out to let you know that Eastway is withdrawing the eviction case for your home (#114). Additionally, Eastway is removing restrictions on your online resident account and allowing the submittal of rent electronically through your portal. As always, we can also accept personal checks or cashier's checks in office.

Please be reminded that we are unable to accept money orders or cash.

If you would like to submit payment for your account, please know you are now able to do so.

As per your request, please see attached a copy of your current ledger.

Sincerely,

Luke Houska I Community Manager
Eastway ApartmentsI www.liveeastway.com I 8820 Sepulveda Eastway, Los Angeles, CA 90045
323.556.9696 I eastwaymgr@greystar.com I greystar.com
**Proudly managed by** Greystar®

---

**RANGELYEPIZ, CYNTHIA (Unit 114) - OneSite.pdf**
915K

# EXHIBIT G-1

COMMISSIONER KOURY COMPLAINT

# Online Complaint Form

**COMPLAINT ABOUT A CALIFORNIA JUDGE, COURT COMMISSIONER OR REFEREE**

***Confidential under California Constitution Article VI, Section 18, and Commission Rule 102***

**For instructions on filling out and submitting this form, please visit the commission's Online Complaint Instructions webpage.**

**Date Submitted**
7/10/2025 3:11 PM

**Entry Number**
11,265

* Indicates a required field

## Your information

### Complainant 1

**Your name**
LORD MAISON PHIBONACCII

**Your pronouns (e.g., he/him; she/her; they/them)**

**Your email**
phibonaccii@icloud.com

**Your telephone number**
(818) 401-3133

**Your address**
8820 Sepulveda Eastway, Apt 114, Los Angeles, California 90045

## Your attorney (if any)

### Attorney 1

**Your attorney's name**

**Your attorney's email**

**Your attorney's telephone number**

## Judge and conduct

### Judge 1

**Name of judge**

**Or Name of court commissioner or referee**
JOEL C KOURY

**Court Level**

Superior Court

**Court of Appeal District**

**County**
Los Angeles

**Type of court case**
Other

**Case name**
LA APT 1 LLC

**Case number**
251WUD00164

**Your relationship to the case**
Litigant/Family/Friend

**Date or dates conduct occurred**
07/10/2025

## Please specify what action or behavior of the judge, court commissioner or referee is the basis of your complaint. Provide relevant dates and the names of others present. (Attach additional pages if necessary.)*

**Complaint**
On July 10, 2025, I appeared before Commissioner Joel C Koury for an Ex Parte Application and Motion to Set Aside a wrongful default judgment related to an unlawful detainer. Upon opening statements, the commissioner stated, “You have to do favors,” implying that being heard was a privilege—not a right—and setting the tone for the biased and unprofessional conduct that followed.

I made clear that I was not prepared for the motion hearing and had not received proper notice. The commissioner ignored this and proceeded anyway, refusing to hear the substance of my motion. He dismissed my filings as untimely, without acknowledging the emergency nature of my application or the self-represented status under which I was filing.

Throughout the hearing, the commissioner showed a clear preference toward the opposing party’s attorney, Tania Cordoso, allowing her to speak freely while interrupting or disregarding my responses. He leaned into her narrative while refusing to acknowledge critical facts, including that no valid notice to vacate had been posted—an admission made on the record by co-defendant Cynthia Rangel Yepiz.

The commissioner also inappropriately attempted to have Cynthia speak for me or weigh in on my position, despite us being legally distinct parties with different claims and interests. This amounted to a total disregard for my procedural rights and the seriousness of the matter at hand.

The commissioner’s conduct was dismissive, biased, and condescending. His opening remarks and courtroom behavior created a chilling effect, where I, as a pro se litigant, was not given a fair chance to present my case. I believe this behavior constitutes judicial misconduct, abuse of discretion, and a violation of due process.

I respectfully request a formal investigation into this matter

**File Upload**

Download Updated Exhibit_E_Declaration_Improper_Service_Updated.docx

Attorney Misconduct Complaint #2 Online Complaint-compressed.pdf

Attorney Misconduct Complaint #2 Online Complaint.pdf

Download Exhibit_F_Complete_Merged.pdf

EX-PARTE APPLICATION TO STAY WRIT OF POSSESSION - CYNTHIA & LORD 25IWUD00164-compressed.pdf

COUNTER-REQUEST TO SET CASE FOR TRIAL & MOTION TO SET ASIDE DEFAULT JUDGMENT - compressed.pdf

Download Exhibit_B_Envelope_Service_Delay.docx

Download Exhibit_C_Court_Stamped_Filing.docx

Exhibit A .docx

# Online Complaint Form

**COMPLAINT ABOUT A CALIFORNIA JUDGE, COURT COMMISSIONER OR REFEREE**

***Confidential under California Constitution Article VI, Section 18, and Commission Rule 102***

**For instructions on filling out and submitting this form, please visit the commission's [Online Complaint Instructions webpage](#).**

**Date Submitted**
7/10/2025 3:05 PM

**Entry Number**
11,264

* Indicates a required field

## Your information

### Complainant 1

**Your name**
LORD MAISON PHIBONACCII

**Your pronouns (e.g., he/him; she/her; they/them)**

**Your email**
phibonaccii@icloud.com

**Your telephone number**
(818) 401-3133

**Your address**
8820 Sepulveda Eastway, Apt 114, Los Angeles, California 90045

## Your attorney (if any)

### Attorney 1

**Your attorney's name**

**Your attorney's email**

**Your attorney's telephone number**

## Judge and conduct

### Judge 1

**Name of judge**

**Or Name of court commissioner or referee**
JOEL C KOURY

**Court Level**

Superior Court

**Court of Appeal District**

**County**
Los Angeles

**Type of court case**
Other

**Case name**
LA APT 1 LLC vs PHIBONACCII

**Case number**
251WUD00164

**Your relationship to the case**
Litigant/Family/Friend

**Date or dates conduct occurred**
07/10/2025

## Please specify what action or behavior of the judge, court commissioner or referee is the basis of your complaint. Provide relevant dates and the names of others present. (Attach additional pages if necessary.)*

**Complaint**
On July 10, 2025, I appeared before Commissioner [INSERT NAME] regarding a time-sensitive Ex Parte Application and Motion to Set Aside a wrongful default judgment. I informed the court that I was not prepared to argue the motion, yet the commissioner proceeded with the hearing immediately without proper notice or due process.

The commissioner dismissed my filings on purely procedural grounds, refused to hear the substance of my claims—including evidence of retaliation, lack of proper notice to vacate, and emergency conditions—and repeatedly stated that my presence in court was “a favor.” These comments were inappropriate, condescending, and biased against a self-represented litigant. I believe this reflects a pattern of judicial misconduct, including abuse of discretion, denial of due process, and possible collusion with the opposing party’s legal representatives.

Another party in the case (Cynthia Rangel Yepiz) stated on the record that no notice to vacate had been served, yet the commissioner refused to consider this critical fact. He also inappropriately attempted to have that party speak on my behalf, despite our legal interests being separate.

I request an immediate review of the commissioner’s conduct, courtroom demeanor, and legal handling of this matter. The hearing was not conducted with fairness or neutrality, and his actions have caused serious harm and undermined my ability to seek justice.

**File Upload**
Attorney Misconduct Complaint #2 Online Complaint.pdf

Attorney Misconduct Online Complaint.pdf

SUPPLEMENTAL DECLARATION .pdf

JOINT DECLARATION REGARDING NOTICE OF EX-PARTE APPLICATION .pdf

EX-PARTE APPLICATION TO STAY WRIT OF POSSESSION - CYNTHIA & LORD 25IWUD00164-compressed.pdf

EX-PARTE DATE 07-10-25 130 PM DEPT 8.pdf

Download Exhibit_C_Court_Stamped_Filing.docx

Download Exhibit_B_Envelope_Service_Delay.docx

Exhibit A .docx