UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORD MAISON PHIBONACCII,<br><br>    Plaintiff,<br><br>v.<br><br>LA APT.1 LLC et al.,<br><br>    Defendants. | Case No. 2:25-cv-06317-SB-E<br><br>ORDER DISMISSING COMPLAINT [DKT. NO. 33] |

    Plaintiff Lord Maison Phibonaccii, a self-represented litigant seeking to proceed in forma pauperis, filed this action alleging that he was unlawfully evicted. He brings claims against the owners and managers of the property, the law firm that prosecuted his unlawful detainer action, the Los Angeles Sheriff's Department, and Sheriff Robert Luna. This Court dismissed Plaintiff's original complaint, finding that it failed to state a claim under Federal Rule of Civil Procedure 8, but granted leave to amend because it was not absolutely clear that amendment would be futile. Dkt. No. 27. Plaintiff timely filed a first amended complaint (FAC), and the Court again screens the complaint to determine if it states a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii) (stating that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"); *see Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying Rule 12(b)(6) standard to § 1915(e)).

I.

    At its core, the FAC alleges "procedural irregularities and prejudicial rulings" in connection with two eviction actions brought against the Plaintiff in Los Angeles Superior Court. Plaintiff alleges causes of action for: (1) violation of Cal. Civ. Code § 1942.5; (2) violation of Cal. Civ. Code § 789.3; (3) breach of implied warranty of habitability; (4) abuse of process; (5) violation of Cal. Const.

Art. I § 24; (6) violations of California's Unfair Competition Law (Bus. & Prof. Code § 17200 et seq.); (7) negligence; (8) violation of Cal. Civ. Code § 3294; and (9) violation of Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45(a)).[1]

The FAC does not contain a statement of jurisdiction as required. Fed. R. Civ. P. 8(a)(1). Plaintiff's first complaint asserted federal-question jurisdiction based on a claim of violation of due process under 42 U.S.C. § 1983. He has now dropped that claim and instead asserts a claim under Section 5 of the Federal Trade Commission Act. This claim fails as a matter of law because Section 5 of the Act confers no private right of action. *See O'Donnell v. Bank of Am., Nat. Ass'n*, 504 F. App'x 566, 568 (9th Cir. 2013) ("The [Federal Trade Commission Act] doesn't create a private right of action"); *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) ("[P]rivate litigants may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by § 5(a)(1). The Act rests initial remedial power solely in the Federal Trade Commission."). Plaintiff asserts no other basis for subject matter jurisdiction.

Absent a viable federal claim, the Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims. *See* 28 U.S.C. § 1367 ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."); *see Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (cleaned up) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors. . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

II.

"The court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), unless it is "absolutely clear" that amendment would be futile. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Plaintiff has already been granted an opportunity to amend and has failed to establish a basis for subject matter jurisdiction under two different federal-law claims. While

---

[1] The FAC is confusing: some claims alleged in the FAC are not listed in the caption, and the caption lists claims not included in the causes of action. The caption, for instance, lists a claim for "Violation of Fourteenth Amendment Due Process," but the body of the complaint does not assert (much less support) any such claim.

Plaintiff's FAC provides facts in support of his state-law claims (unlike his first complaint, which contained almost no supporting facts),[2] Plaintiff cannot proceed in federal court without a basis for subject matter jurisdiction. Because his Federal Trade Commission Act claim is barred as a matter of law and amendment would be futile, the FAC is dismissed without leave to amend. See *Walls-Bey v. Phoenix, City of,* No. 23-15130, 2024 WL 1299996 (9th Cir. Mar. 27, 2024) (affirming a district court's decision to decline supplemental jurisdiction and dismiss the complaint without leave to amend when the only basis for federal jurisdiction had been dismissed and plaintiff had not made any meaningful progress toward stating a claim).

      Accordingly, this action is dismissed in its entirety. Plaintiff's federal claims are dismissed with prejudice, and his state-law claims are dismissed without prejudice to refiling in state court.

Date: August 29, 2025

                                                  Stanley Blumenfeld, Jr.
                                              United States District Judge

---

[2] The Court does not mean to suggest that Plaintiff stated a claim under state law. Because it lacks jurisdiction, the Court does not address this question.