UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORD MAISON PHIBONACCII,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LA APT.1 LLC et al.,<br><br>　　　　Defendants. | Case No. 2:25-cv-06317-SB-E<br><br><br>ORDER DENYING MOTION TO ALTER THE ORDER DISMISSING THE CASE [Dkt. No. 43] |

　　　　Plaintiff Lord Maison Phibonaccii, a self-represented litigant seeking to proceed in forma pauperis, filed this action alleging he was unlawfully evicted from his apartment.  He brings claims against the property owners and managers, the law firm that prosecuted the unlawful detainer action, the Los Angeles Sheriff's Department, and Sheriff Robert Luna.  His original complaint brought numerous causes of action, including a claim under 42 U.S.C. § 1983—the sole basis for federal jurisdiction.  Because the complaint failed to state a claim, the Court dismissed it with leave to amend.  Dkt. No. 27.  The first amended complaint (FAC) dropped the § 1983 claim and added one under Section 5 of the Federal Trade Commission Act.  Finding that Section 5 did not provide a private right of action, the Court dismissed the federal claim with prejudice and the state claims without prejudice.  Dkt. No. 40.  Plaintiff now moves under Federal Rules of Civil Procedure 59(e), 60(b)(1), 60(b)(2), and 60(b)(6), asking the Court to vacate the dismissal and grant him leave to file a second amended complaint (SAC) that asserts subject matter jurisdiction based on a modified § 1983 claim.  The Court finds this matter suitable for decision without oral argument and vacates the October 9 hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

1

I.

Plaintiff states that he inadvertently omitted the § 1983 claim from his FAC and that he has obtained new evidence since the August 29 dismissal that warrants reconsideration. Both Rule 59(e) and 60(b) permit a judgment to be modified due to newly discovered evidence, *Dixon v. Wallowa Cnty.,* 336 F.3d 1013, 1022 (9th Cir. 2003), Fed. R. Civ. P. 60(b)(2), and Rule 60(b) also allows for reconsideration where there is mistake, inadvertence, excusable neglect, or "other reason that justifies relief," Fed. R. Civ. P. 60(b)(1), (b)(6). Plaintiff fails to show that such relief is warranted.

First, the evidence—a property manager's billing statement and text-and-voice messages referencing access to, and the need to collect belongings from, the apartment—is irrelevant to the dismissal order. Dkt. No. 44 Exs. A–D. Even if considered newly discovered, this evidence is not relevant to the dismissal order's conclusion that Plaintiff could not assert a claim under Section 5 of the Federal Trade Commission Act and could not establish subject matter jurisdiction. Indeed, Plaintiff no longer seeks to assert a claim under that law.

Second, even if Plaintiff's omission of a § 1983 claim was inadvertent, the proposed SAC still fails to state a claim. In dismissing the original complaint, the Court explained:

> To state a claim under § 1983, a plaintiff must allege that the defendants were acting under color of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988). Plaintiff does not allege any specific misconduct attributable to the Los Angeles Sheriff's Department or Sheriff Luna, and he does not allege that any of the remaining defendants were acting under color of state law. Nor does he allege a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), which is required to impose liability on a municipality.

Dkt. No. 27 at 2.

The proposed SAC does not remedy these deficiencies. Instead, it conclusorily alleges that "Defendants, acting under color of state law by virtue of joint action, significant aid, or participation with state actors, deprived Plaintiff of that interest without constitutionally sufficient notice or opportunity to be heard." Dkt. No. 44 ¶ 12 at 3; *see also id*. at 2 (conclusorily asserting that the property owners or managers acted "under color of state law" and "in concert with" sheriff's

deputies and other officials to enforce the eviction "without constitutionally sufficient notice"). These bare allegations are insufficient to establish state action. *See Price v. State of Haw.*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties [do] not generally act[ ] under color of state law," and to state a § 1983 claim against a private party, a plaintiff must offer "more than the bald legal conclusion that there was action under color of state law.").

In his motion for reconsideration, Plaintiff also asserts that the Sheriff's Department "lacked or ignored a protocol to verify writ validity and notice sufficiency and/or failed to train or supervise deputies." Dkt. No. 43-1 at 2. This vague and conclusory assertion—which is not contained in the proposed SAC—fails to state a § 1983 claim. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (noting a plaintiff must set forth more than a bare allegation that a government official's conduct resulted from an unspecified policy or custom). Plaintiff does not identify any specific wrongful act by an individual Sheriff Department official or explain how it caused him harm, nor does he identify the ignored "protocol" or the deficiency in training or supervision. *See id.; see also Connick v. Thompson,* 563 U.S. 51, 60 (2011) (noting that to establish *Monell* liability, a plaintiff must prove that an "action pursuant to official municipal policy" caused their injury).

## II.

Plaintiff has failed to show that he is entitled to relief under Rules 59(e) and 60(b), and thus his motion is denied. *See Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application); *Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n.1 (9th Cir. 1989) (stating that relief under Rule 60(b) is "extraordinary" and "may be granted only upon an adequate showing of exceptional circumstances").

Date: October 1, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge